# United States Court of Appeals
## For the First Circuit

No. 08-1516

UNITED STATES OF AMERICA,

Appellee,

v.

EDUARDO PAGÁN-RODRÍGUEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Lynch, Chief Judge,
Selya and Lipez, Circuit Judges.

David W. Román and Brown & Ubarri on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson
Pérez-Sosa, Assistant United States Attorney (Appellate Chief), and
Julia Meconiates, Assistant United States Attorney, on brief for
appellee.

March 31, 2010

**SELYA**, **Circuit Judge**.  This appeal raises an issue as to the district court's authority to postpone indefinitely the holding of a supervised release revocation hearing.  We conclude that the court below unreasonably delayed the holding of the hearing, but that its error was harmless.  Accordingly, we affirm.

The facts are straightforward.  On October 8, 1993, the district court sentenced defendant-appellant Eduardo Pagán-Rodríguez to a 120-month prison term following his conviction for a federal drug-trafficking offense.  See 21 U.S.C. § 841(a)(1).  The court simultaneously imposed a five-year term of supervised release.  The appellant completed his prison sentence and began serving his supervised release term in April of 2002.

On December 20, 2006 — during the currency of his supervised release — the probation department moved for issuance of an arrest warrant, charging that the appellant had broken the conditions of his supervised release.  Specifically, the probation department alleged that the appellant (i) had been arrested by local authorities for narcotics offenses; (ii) had failed to report the arrest on his subsequent monthly supervision reports; (iii) had failed to notify his probation officer of the arrest within 72 hours; and (iv) had consorted with a convicted felon.  The district court issued the requested warrant on January 30, 2007.

The appellant appeared in the district court on February 12, 2007, at which time a magistrate judge ordered him temporarily

-2-

detained. Three days later, the magistrate judge held a preliminary revocation hearing. Although the appellant accepted the failure-to-report and failure-to-notify violations, he disputed the remaining (more serious) charges. The judge found probable cause and referred the matter for a final revocation hearing.

The final revocation hearing was scheduled for March 16, 2007. On that date, the district court, acting sua sponte, declined to proceed, instead continuing the hearing sine die while awaiting the resolution of the narcotics charges then pending against the appellant in the local court.

Nine months passed without any further activity. On December 18, 2007, the appellant moved to dismiss the revocation proceeding, asserting that the protracted delay in holding the final revocation hearing violated his right to due process of law. Three months later, the probation department responded by moving for disposition of its pending revocation motion on the merits. This motion noted that the appellant had admitted guilt in the local court with respect to the recent narcotics charges and, on February 7, 2008, had been sentenced to a total of eight years' imprisonment.

Spurred by these filings, the district court scheduled a final revocation hearing for March 14, 2008. At that time, the court denied the appellant's motion to dismiss the revocation proceeding. The appellant acknowledged that he had been convicted

on the local narcotics charges.  Consequently, the district court revoked his supervised release and imposed a thirty-month incarcerative sentence, consecutive to the sentence previously imposed by the local court.  This timely appeal followed.

The appellant advances only a single claim of error.  He asseverates that indefinite postponement of his final revocation hearing infringed his right to have the hearing held within a reasonable period of time.  This claim presents a question of law and, as such, engenders de novo review.  United States v. Santana, 526 F.3d 1257, 1260 (9th Cir. 2008); United States v. Ramos, 401 F.3d 111, 115 (2d Cir. 2005); see also United States v. Rondeau, 430 F.3d 44, 47 (1st Cir. 2005).

The prospect of revocation of conditional release places in jeopardy an offender's conditional liberty.  That jeopardy is exacerbated by the possibility of detention pending the holding of a revocation hearing.  The offender, therefore, has a right to a timely hearing on a motion for revocation of supervised release.  Once the district court has determined that there is probable cause to believe that a violation may have occurred, a final revocation hearing must be held "within a reasonable time."  Fed. R. Crim. P. 32.1(b)(2).[1]

---

[1] The right to a timely hearing is assured, more generally, by the Due Process Clause.  Some courts have analyzed failures to hold timely revocation hearings in terms of a constitutional benchmark. See, e.g., Santana, 526 F.3d at 1259.  Whether viewed as a breach of the rule or of the Due Process Clause, the result in this case

In this case, the district court continued the final revocation hearing sine die, pending resolution of the local narcotics charges. As a result, the hearing was delayed for nearly a year. Consequently, the question before us reduces to whether, on these facts, a twelve-month period of delay was reasonable.

Reasonableness has a protean quality. What is reasonable in one set of circumstances may be unreasonable in another set of circumstances. Cf. United States v. Rodriquez-Morales, 929 F.2d 780, 785 (1st Cir. 1991) (describing "reasonableness" in the community caretaker context as "embody[ing] a concept, not a constant").

Here, the relevant circumstances can easily be catalogued. At the time of the continuance, there was no date certain for disposition of the charges pending against the appellant in the local court. There is nothing to indicate that witnesses or evidence were unavailable to the district court. Plainly, the district court was competent to act on its own, and the standards for finding an offender in violation of a supervised release condition are different from, and not dependent on, the standards for finding a criminal defendant guilty beyond a reasonable doubt. Compare, e.g., United States v. Oquendo-Rivera, 586 F.3d 63, 66 (1st Cir. 2009) (explaining that government's burden at revocation hearing was to prove, by a preponderance of

would be the same.

-5-

the evidence, the conduct giving rise to the potential revocation hearing), with, e.g., United States v. Piper, 298 F.3d 47, 59 (1st Cir. 2002) (explaining that, for a criminal conviction, government has the burden of proving guilt beyond a reasonable doubt).

To be sure, when an offender's conduct is alleged to violate both a condition of his supervised release and a state criminal law, a state court adjudication of the latter may be relevant to a federal adjudication of the putative supervised release violation. See, e.g., United States v. Poellnitz, 372 F.3d 562, 571 (3d Cir. 2004); United States v. Chaklader, 987 F.2d 75, 77 (1st Cir. 1993). But supervised release is itself a valuable commodity, and a district court cannot leave an offender in limbo indefinitely while waiting for a state court to adjudicate a counterpart criminal charge. See United States v. Reeks, 441 F. Supp. 2d 123, 125 (D. Me. 2006). In the absence of consent or some compelling reason for delay, an offender is entitled to the timely holding of a final revocation hearing. See Fed. R. Crim. P. 32.1(b)(2).

In this instance, the appellant did not consent to the delay. Nor did the government seek to postpone the hearing. The circumstances were not out of the ordinary and, for aught that appears, there was no compelling reason to wait indefinitely for the counterpart criminal cases to run their course. On these facts, the

delay was objectively unreasonable: the district court, as a matter of law, waited too long before holding the final revocation hearing.

This conclusion does not end our journey. Although unreasonable delay in holding a final revocation hearing constitutes a violation of Rule 32.1(b)(2), that violation does not require vacation of the judgment unless it affected the offender's substantial rights.[2] See Santana, 526 F.3d at 1260 (requiring a showing of "both unreasonable delay and prejudice"); United States v. Throneburg, 87 F.3d 851, 853 (6th Cir. 1996) (similar).

There is no semblance of prejudice here. The appellant notes that he remained in custody during the period of approximately one year that elapsed between the sua sponte continuance and the holding of the hearing. In many cases, the loss of a year would constitute significant prejudice. See, e.g., United States v. Rasmussen, 881 F.2d 395, 398-99 (7th Cir. 1989) (noting that a delay of thirteen months gives "pause" to the court and requires a more stringent review of the other factors in the analysis for prejudice). Here, however, the appellant pleaded guilty to the Puerto Rico narcotics charges, and he does not suggest that the delay in holding the revocation hearing influenced that plea. Then, when the hearing was belatedly held, the district court sentenced

---

[2] Similarly, if the violation were to be analyzed in due process terms, relief from the judgment would not be mandated unless the violation caused prejudice; that is, unless it affected the offender's substantial rights. Santana, 526 F.3d at 1260.

the appellant to thirty months in prison.  The appellant does not claim either that this sentence was inappropriate or that, if sentenced earlier, this punishment would have been more lenient.[3] Finally, the court gave the appellant credit for all the time that he had spent in custody while awaiting the holding of the final revocation hearing.  The end result is that the appellant will serve only the time that he would in any event have served.  He did not, therefore, suffer any cognizable prejudice.  See Santana, 526 F.3d at 1261 (noting that offender did not suffer prejudice through unreasonable delay when prerevocation incarceration was fully credited against the sentence eventually imposed).  Nor did the appellant suffer cognizable prejudice even though the delay resulted in his inability to ask the local court to sentence him concurrently with the federal term of imprisonment.  See Throneburg, 87 F.3d at 853 (noting that defendant did not suffer prejudice though delay resulted in defendant's inability to request state court to allow

---

[3] A few courts have held that a district court does not have authority to run a sentence for a supervised release violation consecutive to a state sentence not yet imposed. See, e.g., United States v. Clayton, 927 F.2d 491, 493 (9th Cir. 1991).  Under this view, the appellant might be able to argue that delaying the hearing until after the Puerto Rico court had sentenced him was prejudicial.  We need not speculate.  Passing the point that Clayton exemplifies a minority rule, see, e.g., United States v. Sumlin, 317 F.3d 780, 782 (8th Cir. 2003); United States v. Hernández, 234 F.3d 252, 256 (5th Cir. 2000); United States v. Williams, 46 F.3d 57, 58-59 (10th Cir. 1995); United States v. Ballard, 6 F.3d 1502, 1510 (11th Cir. 1993), the appellant has not made such an argument. It is, therefore, waived.  United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

concurrent sentences).  That speculative opportunity to request leniency in the local court does not render his federal sentence improper.

We need go no further.  Although we find error in the district court's decision to put off the final revocation hearing sine die, that error was harmless because it caused no prejudice to the appellant.  The judgment appealed from may, therefore, stand.

**Affirmed**