United States v. Graves

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4ᵗʰ day of April, two thousand twelve.

PRESENT: DENNIS JACOBS,
                              <u>Chief Judge</u>,
             ROSEMARY S. POOLER,
             SUSAN L. CARNEY,
                              <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,

        *Appellee*,

        -v.-                                        11-966

KAREEM GRAVES,

        *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          Glenn A. Garber (Angharad
                        Vaughan, <u>on the brief</u>)
                        Glenn A. Garber, P.C.
                        New York, NY

**FOR APPELLEE:**               Martin S. Bell (Jesse M. Furman, on the brief), Assistant United States Attorney, for Preet Bharara, United States Attorney, Southern District of New York, New York, NY

Appeal from an amended judgment of the United States District Court for the Southern District of New York (Kaplan, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the district court's amended judgment is **AFFIRMED.**

Kareem Graves appeals from a judgment entered in the United States District Court for the Southern District of New York revoking his supervised release and sentencing him to a one-year term of imprisonment followed by two years of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**[1]** Graves argues that the evidence was insufficient to show that he violated the conditions of his supervised release by assaulting his ex-girlfriend, Rahsheta Dequentin. The Government must prove the violation of a condition of supervised release by a preponderance of the evidence. See 18 U.S.C. § 3583(e)(3); United States v. Carlton, 442 F.3d 802, 806-10 (2d Cir. 2006). We "review a district court's finding of a violation of supervised release only for an abuse of discretion and its factual findings for clear error." Id. at 810. A district court abuses its discretion if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions." Sims v. Blot, 534 F.3d 117, 132 (2d Cir. 2008) (internal citation and quotation marks omitted).

Under New York law, a person is guilty of third degree assault when "[w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person." N.Y. Penal Law § 120.00(1). Physical injury

2

is defined as "impairment of physical condition or substantial pain." Id. § 10.00(9). Substantial pain "is more than slight or trivial pain. Pain need not, however, be severe or intense to be substantial." People v. Chiddick, 8 N.Y.3d 445, 447 (2007). It requires "more than a mere technical battery" and "petty slaps, shoves, kicks and the like delivered out of hostility, meanness and similar motives" are insufficient. People v. Henderson, 92 N.Y.2d 677, 680 (1999) (internal quotation marks omitted). Among relevant factors are "the injury defendant inflicted, viewed objectively," "the victim's subjective description of what [s]he felt," whether the victim sought medical treatment, and the motive of the assailant. Chiddick, 8 N.Y.3d at 447-48. None of these factors is dispositive, however. Ultimately, "[w]hether the substantial pain necessary to establish an assault charge has been proved is generally a question for the trier of fact." People v. Rojas, 61 N.Y.2d 726, 727 (1984) (internal quotation marks omitted).

The evidence was sufficient for the district court to conclude, by a preponderance of the evidence, that Graves caused Dequentin substantial pain. Dequentin testified that Graves choked her and slapped her in the face multiple times. In her report to police, she specifically stated that she had suffered "substantial pain." Although she did not seek medical attention or have signs of physical bruising or bleeding, she did not go into work as a result of the attack, and was so frightened of further harm that she hid for a week in a friend's apartment. The district court, as a trier of fact, was entitled to credit Dequentin's account of the pain she experienced. See People v. Gerecke, 823 N.Y.S.2d 797, 799 (App. Div. 4th Dep't 2006) (jury could credit the victim's testimony that he was in great pain even though he failed to seek medical treatment or take time off from work).

There was also sufficient evidence for the district court to find that Graves intended to cause Dequentin substantial pain. In some cases, "intent can be inferred from the act itself," People v. Bracey, 41 N.Y.2d 296, 301 (1977), and a finder of fact is permitted to infer that a person intends the natural consequences of his acts. See People v. Getch, 50 N.Y.2d 456, 465 (1980). The court could

3

reasonably conclude that it was more likely than not that by pushing Dequentin on a bench and repeatedly choking her and slapping her in the face, Graves intended to inflict physical injury.  See United States v. Coppola, No. 10-0065-cr, 2012 WL 456514, at *22 (2d Cir. Feb. 14, 2012) ("preponderance finding satisfied if fact's existence was 'more likely than not'" (quoting United States v. Hertular, 562 F.3d 433, 447 (2d Cir. 2009)).

**[2]**  The evidence was also sufficient for the district court to find that, by sending text messages to Dequentin, Graves knowingly violated a protective order issued by the Bronx County Supreme Court.  To establish criminal contempt for violation of a protective order, the Government must show that the defendant had knowledge of the order and intentionally disobeyed it.  See N.Y. Penal Law § 215.50(3); People v. Inserra, 4 N.Y.3d 30, 32 (2004).  Although Graves was not present when the protective order was issued, the district court inferred the requisite knowledge based on a letter Graves sent to the court, in which he failed to disclaim knowledge of the protective order and instead attempted to justify his violation by explaining that he meant to text Dequentin's brother (an obvious falsehood based on the substance of the text messages).  This was an available inference, and was therefore not clearly erroneous.  See Hernandez v. New York, 500 U.S. 352, 369 (1991) ("[W]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (quoting Anderson v. Bessemer City, 470 U.S. 564, 574 (1985)).

**[3]**  Graves challenges his sentence as substantively unreasonable.  We review a district court's sentence for substantive reasonableness under an abuse-of-discretion standard.  Gall v. United States, 552 U.S. 38, 51 (2007).  "[W]hen conducting substantive review, we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." United States v. Cavera, 550 F.3d 180, 190 (2d Cir. 2008) (in banc).  We will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions."  Id. at 189 (internal

4

quotation marks omitted).  In light of the pattern of violence illustrated by Graves's conduct following his release from prison, his multiple prior felony convictions, and the fact that he had reverted to crime just months after his release, his one-year term of imprisonment was within the range of permissible sentences.

We have considered Graves's remaining arguments and find them to be without merit.  For the foregoing reasons, the amended judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK