11-2393-cr
*United States v. Browder*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect.  Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of October, two thousand twelve.

PRESENT:

> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> ROBERT A. KATZMANN,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

     *Appellee,*

     -v.-                             No. 11-2393-cr

BRIAN BROWDER,

     *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**         MALVINA NATHANSON, New York, NY.

**FOR APPELLEE:**          MONICA J. RICHARDS, Assistant United States Attorney (Stephan J. Baczynski, Assistant United States Attorney, *on the brief*), Buffalo, NY, *for* William J. Hochul, United States Attorney for the Western District of New York.

1

Appeal from a May 31, 2011 judgment of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal from the May 31, 2011 judgment of the District Court be **DISMISSED**.

Brian Browder appeals from a May 31, 2011 judgment of the District Court convicting him, after a guilty plea, on a single count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(b), and sentencing him principally to a prison term of 78 months. We assume familiarity with the underlying facts and procedural history of this case.

This appeal arises out of Browder's plea of guilty, pursuant to a plea agreement, to a charge related to the possession of child pornography. The plea agreement contained an explicit waiver of both Browder's and the Government's right to take appeal from Browder's sentence so long as the sentence was within the sentencing range associated with Browder's agreed-upon offense level under the United States Sentencing Guidelines.[1] At sentencing, the District Court calculated Browder's sentencing guidelines and sentenced him principally to a term of 78 months' imprisonment, which represented the lowest sentence provided for by the applicable Guidelines range.

On appeal, Browder argues that (1) the waiver of his right to appeal his sentence, as laid out in writing in the plea agreement, was misleading and is therefore not enforceable; and (2) the sentence was substantively unreasonable because it (a) was based upon sentencing guidelines of "uncertain provenance," and (b) was based upon a misunderstanding of Browder's likelihood to molest children in the future.

## DISCUSSION

A criminal defendant's waiver of his right to appeal his sentence is presumptively enforceable so long as the waiver is knowing and voluntary, *see United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010), and does not violate fundamental rights, *see United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011). Although "we scrutinize claimed waivers of appellate rights closely and apply them narrowly," *United States v. Cunningham*, 292 F.3d 115, 117 (2d Cir. 2002) (internal quotation marks omitted), where, as here, the record clearly indicates that the defendant understood the rights he was giving up by waiving his right to appeal his sentence, we will not hesitate to enforce such a waiver. *See United States v. Ready*, 82 F.3d 551,

---

[1] In pertinent part, Paragraph 19 of the plea agreement provides as follows:

> The defendant understands that [18 U.S.C. § 3742] affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment [agreed upon by the parties], notwithstanding the manner in which the Court determines the sentence.

557 (2d Cir. 1996).

Browder argues that the plea agreement, which contained the waiver of appeal, was misleading insofar as it referred to his right to appeal from his sentence as a "limited right." Specifically, he claims, because "[a] waiver of the right to appeal does not waive just the 'limited right to appeal the sentence imposed,' but the broader right to contest the procedural and substantive correctness of the sentence as well as the validity of the plea itself," he was misled as to the scope of his waiver. Appellant Br. at 23. The agreement's description of the right to appeal as "limited," Browder argues, "would not have conveyed to [him] that a defendant has a right on appeal to argue that the sentence was imposed in violation of his procedural rights or that the sentence was substantively unreasonable." *Id.* at 25. Therefore, Browder claims, the waiver is unenforceable.

We reject Browder's claim that this formulation of the waiver was misleading. Moreover, even if the wording in the plea agreement were insufficient to inform Browder of his rights, the District Court carefully reviewed the plea agreement with Browder, explaining what the waiver of appellate rights entailed in layman's terms. Browder indicated that he understood both the waiver and the Court's words, and reaffirmed his agreement to waive his right to appeal. The record clearly indicates that Browder's waiver was knowing and voluntary, and that it was therefore effective to waive his right to appeal his within-Guidelines sentence.

Because we determine that Browder's waiver of his right to appeal a within-Guidelines sentence is enforceable, we do not address his argument that his sentence was substantively unreasonable. *See United States v. Rodriguez*, 416 F.3d 123, 128–29 (2d Cir. 2005) (noting that an "enforced waiver operates as a bar on our authority to review the merits of [appellant's] appeal of his sentence").

## CONCLUSION

We have carefully reviewed the record and the parties' arguments on appeal, and determine that the defendant has waived his right to appeal from the sentence imposed by the District Court. We therefore dismiss the appeal.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

3