13-566-cr
*United States v. Baker*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand thirteen.

PRESENT:    JON O. NEWMAN,
            AMALYA L. KEARSE,
            DEBRA ANN LIVINGSTON,
                        Circuit Judges,

UNITED STATES OF AMERICA,

*Appellee,*

-v-                                                    No. 13-566-cr

JAMIE BAKER,

*Defendant-Appellant*,

RICHARD ANDERSON, AKA PRETTY, AKA PRETTY RICKY, HENRY BEARD, AKA JU JU, JUSTIN BELLE, AKA JUS, AKA JUST BLAZE, MIKELL BUTLER, AKA KELLS, LINSANDRO BROWN, AKA C, TOMMIE CALDWELL, AKA T-BOY, AKA TOMMIE GUN, SHAQUAN HAYES, AKA QUAN, ERIC HARRIS, AKA EASY E, AKA E, RICARDO HENDERSON, AKA RUCKUS, AKA MATEO, AKA TEO, QIERRE JACOBS, AKA STACKS, AKA Q-STACKS, CHARLES LEWIS, JR., AKA CHUCK D, ARSHEEN MONTGOMERY, AKA DUDIE, PHILLIP MOORE, AKA SKRILLA, AKA P-CRACK, AKA BIG PHIL, CURTIS PERKINS, AKA CURT, QUINTEL RAYSOR, AKA QUINNY, AKA Q DA DON, KWAME ROBINSON, AKA KWA, LEON ROBINSON, AKA EON, AKA E-BLIX, JOSE SERRANO, AKA RICO, KAWAUN WIGGINS, AKA DOUGHBOY, DASHAE HARRIS, KADEEM PELL, DESHAWN TARVER, CHARLES EDWARDS, BRIAN WILDER, VAL SOCINSKI, KEVIN ROUNDSVILLE, CHARLES PROCELLA,

*Defendants*.

LAURIE S. HERSHEY, Esq., Manhasset, NY *for Defendant-Appellant*.

PAULA RYAN CONAN, JEFFREY COFFMAN, Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY *for Appellee*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered February 11, 2013, is **AFFIRMED**.

Defendant-Appellant Jamie Baker ("Baker") appeals from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*), entered February 11, 2013, revoking Baker's supervised release upon a finding that she had violated the conditions of that release, and sentencing her to six months' incarceration, with a 48-month term of supervised release to follow. One month earlier, on January 11, 2013, Baker, who pled guilty to the distribution of controlled substances in violation of 18 U.S.C. § 1952(a)(3) on August 22, 2012, had been sentenced to a below-Guidelines sentence of time served with a supervised release period of five years; standard condition number 7 of Baker's supervised release provided, in pertinent part, that she would not unlawfully possess or use a controlled substance not properly prescribed by a licensed medical practitioner. The district court determined after a hearing on February 8, 2013, that Baker violated the conditions of her supervised release by ingesting cocaine. Baker raises two issues on appeal: (1) the sufficiency of the evidence supporting Baker's alleged use of cocaine; and (2) the substantive reasonableness of her sentence. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal, which we reference only as necessary to explain our decision to affirm.

A district court may revoke a defendant's term of supervised release and require the defendant to serve all or part of the term of supervised release in prison if it finds, by a preponderance of the evidence, that the defendant violated a condition of supervised release. 18 U.S.C. § 3583(e)(3). We review a district court's determination that a defendant violated the conditions of supervised release for abuse of discretion, and we review its factual findings for clear error. *See United States v. Carlton*, 442 F.3d 802, 810 (2d Cir. 2006).

After reviewing the evidence, we conclude that the district court did not abuse its discretion in determining that Baker violated the conditions of her supervised release by ingesting a controlled substance. Baker's probation officer, Adam Morton ("PO Morton"), testified at the revocation hearing that when he met with Baker on January 17, 2013 and administered an "instant" urinalysis test, the test was positive for cocaine use; when PO Morton asked Baker about the results, Baker told him she had found a baggie containing some substance, that she "decided to put that substance on her tongue which then numbed, then she put the rest of the baggie in her mouth." PO Morton testified that Baker stated she did not know why she acted in this way, that the substance "was just a trigger for her," but that she knew it was cocaine. A toxicology report performed by the United States Probation Office's ("USPO") national testing laboratory later confirmed the results of the initial urinalysis.

Baker testified at the revocation hearing that she tasted the contents of a baggie containing an unknown substance on January 16, 2013, and that when it numbed her tongue "obviously at that time I was thinking of cocaine or something they would cut it with that would numb your tongue." She asserts that the evidence of her cocaine use was nevertheless insufficient on the theory that, as she testified before the district court, she never intentionally ingested cocaine but dumped the

3

baggie's contents on the ground when she realized what the substance in the baggie was. We conclude that the district court was well within its discretion to be skeptical of this testimony, in light of PO Morton's testimony that Baker admitted to knowingly ingesting cocaine. "[W]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Iodice*, 525 F.3d 179, 185 (2d Cir. 2008) (quoting *United States v. Sash*, 396 F.3d 515, 521 (2d Cir. 2005)) (alteration in *Iodice*).

Baker further argues that the district court abused its discretion by admitting the laboratory reports from the Albany Probation Office and the USPO without producing a toxicology witness to attest to them. While revocation proceedings are "not deemed part of a criminal prosecution," and defendants are accordingly not entitled to "the full panoply of rights" enjoyed in a criminal trial, *United States v. Carthen*, 681 F.3d 94, 99 (2d Cir. 2012) (internal quotation marks omitted), under Federal Rule of Criminal Procedure 32.1(b)(2)(C), the defendant has the right to "question any adverse witness unless the court determines that the interest of justice does not require the witness to appear," Fed. R. Cr. P. 32.1(b)(2)(C). Proffered hearsay statements within an established exception to the hearsay rules are admissible; statements that would be inadmissible under the Federal Rules of Evidence may also be considered upon a "good cause" determination pursuant to which the district court balances "the defendant's interest in confronting the declarant against . . . the government's reasons for not producing the witness and the reliability of the proffered hearsay." *Carthen*, 681 F.3d at 100 (internal quotation marks, citation, and alterations omitted). We review a district court's failure to conduct an interest-of-justice balancing test under the harmless error standard. *See United States v. Aspinall*, 389 F.3d 332, 346 (2d Cir. 2004) ("[A] district court's failure to comply with the interest-of-justice-determination requirement of Rule 32.1(b)(2)(C) . . .

4

is subject to harmless-error analysis."), *abrogated on other grounds by United States v. Booker*, 543 U.S. 220 (2005).

We need not reach the issue whether the laboratory reports were admissible under an established hearsay exception because, assuming *arguendo* that they were not, we conclude that any error in admitting the reports was harmless. The district court's conclusion that Baker ingested an illicit substance was amply supported by the testimony of PO Morton and by Baker's own testimony. Indeed, the issue at the hearing was not whether the substance Baker ingested was cocaine—a point on which the parties agreed—but whether she *knowingly* used cocaine. In such circumstances, any error in the district court's failure to conduct an explicit Rule 32.1(b)(2)(C) balancing analysis as to the laboratory reports before admitting them was harmless.

Finally, Baker argues that the six-month sentence imposed by the district court—within the Guidelines range of three to nine months, U.S.S.G. § 7B1.4—was unreasonable and should be reduced given the nature of her circumstances and given a broad concern for overpopulation of prisons. We review a district court's sentence for "reasonableness," which is "akin to review for abuse of discretion, under which we consider whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *United States v. Leslie*, 658 F.3d 140, 142 (2d Cir. 2011) (internal quotation marks and citation omitted). Although a within-Guidelines sentence is not "presumptively" reasonable, this Court has recognized that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Friedberg*, 558 F.3d 131, 137 (2d Cir. 2009) (internal quotation marks and citation omitted). We conclude the district court did not abuse

5

its discretion in sentencing Baker to six months' imprisonment for violating her term of supervised release.

We have considered all of Defendant-Appellant's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk