13-282-cr
*United States v. Jetter*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of August, two thousand fourteen.

PRESENT:

> JOSÉ A. CABRANES,
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

> *Appellee,*

-v.-                                                                 No. 13-282-cr

GREGORY JETTER,

> *Defendant-Appellant,*

PETER MANCINI, MARCIOUS KELLY, DENTON MYERS, DALTON MYERS,

> *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**       Bruce D. Koffsky, Koffsky & Felsen, LLC, Stamford, CT.

**FOR APPELLEE:**       Alina P. Reynolds, Sandra Slack Glover, Assistant United States Attorneys, *for* Deirdre

M. Daly, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from the January 10, 2013, judgment of the United States District Court for the District of Connecticut (Janet Bond Arterton, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant Gregory Jetter appeals the judgment of the District Court, imposing a sentence of 36 months' imprisonment after a plea of guilty to violating the terms of his supervised release. Jetter contends that the delay between being taken into custody and his final supervised release revocation hearing violated his rights under the Due Process Clause and Federal Rule of Criminal Procedure 32.1.

## BACKGROUND

In February 2010, while serving a five-year term of supervised release, Jetter was arrested on a warrant alleging that he violated the conditions of his supervised release by committing a state law crime, *viz.*, threatening a potential witness to an armed robbery. By the time Jetter appeared for a preliminary hearing on those charges in federal court, he faced charges in Connecticut state court on robbery charges. The District Court adjourned the federal hearing until after the state charges had been resolved.

In the fall of 2012, after Jetter pleaded guilty and was sentenced on state charges relating to three separate robberies, Jetter moved to dismiss the violation report, claiming his rights had been violated by the delay. The District Court denied the motion.

In December 2012, Jetter ultimately pleaded guilty before the District Court to violating his supervised release. The District Court sentenced him to 36 months' imprisonment, to be served consecutively to his state sentences, with no supervised release to follow.

## DISCUSSION

We "consider[] the constitutional protections for revocation of supervised release to be the same as those afforded for revocation of parole or probation." *United States v. Sanchez*, 225 F.3d 172, 175 (2d Cir. 2000). Among these due process rights is "the right to a hearing at which the court determines two issues: whether the probationer violated a condition of probation as a matter of fact and, if so, whether this fact warrants revocation." *Id.* (internal quotation marks omitted). Due process requires that a person accused of violating the conditions of his supervised release receive a revocation hearing "within a reasonable time after [the person] is taken into custody." *Morrissey v.*

*Brewer*, 408 U.S. 471, 488 (1972). Similarly, Federal Rule of Criminal Procedure 32.1(b)(2) requires such a hearing to be held "within a reasonable time."[1]

Jetter contends that the delay between his initial presentment on the violation petition and his final revocation hearing violated his right to a reasonably prompt revocation hearing and his right to due process.

We have recognized that substantial delays may sometimes be reasonable in the context of revocation hearings. *See United States v. Ramos*, 401 F.3d 111, 115 (2d Cir. 2005); *Sanchez*, 225 F.3d at 175. This case differs from our prior cases, however, because Jetter was taken into custody *before* the delay he complains of occurred. The Supreme Court has held that "execution of the warrant and custody under that warrant [is] the operative event triggering any loss of liberty attendant upon parole revocation." *Moody v. Daggett*, 429 U.S. 78, 87 (1976). Accordingly, whether the delay here was reasonable presents a more complex issue.

However, we need not decide whether the delay was reasonable here, because Jetter has not demonstrated that he suffered any prejudice from the delay. Even if we were to conclude that the delay in holding a final revocation hearing was unreasonable, the sentence need not be vacated unless Jetter was prejudiced by the delay. *See Ramos*, 401 F.3d at 116 (finding no due process violation unless "the delay does in fact prejudice the defendant by substantially limiting the ability to defend against the charge that the conditions of supervised release were violated"); *cf. United States v. Ray*, 578 F.3d 184, 199 (2d Cir. 2009) ("[T]o determine whether a defendant has been deprived of [his] due process right to a prompt sentencing, we must consider [1] the reasons for the delay as well as [2] the prejudice to the accused." (internal quotation marks omitted)).

Having reviewed the record, we discern no prejudice that Jetter has suffered. With respect to Jetter's ability to defend himself against the charges, we agree with the District Court that the postponement of the hearing, "rather than prejudicing the defendant's ability to mount his defense, actually operated to protect defendant from prejudice in state court." DA 159–60. And Jetter has pointed to no testimony or other evidence he was unable to present due to the delay.

We are also unconvinced by Jetter's argument that he suffered "unnecessary anxiety" because he was in federal custody during the delay. In addition to being held pursuant to the federal warrant, Jetter was detained pursuant to state warrants awaiting trial for his three state robbery charges. Had his revocation hearing been held more quickly, he simply would have been transferred to state custody.[2]

---

[1] Rule 32.1(b)(2) provides that"[u]nless waived by the person [in custody for violating a condition of supervised release], the court must hold the revocation hearing within a reasonable time in the district having jurisdiction." Fed. R. Crim. P. 32.1(b)(2).

[2] Before the District Court, Jetter additionally argued that he was prejudiced by being kept in federal, rather than state, custody, because it prevented him from seeking bond in state court. Jetter never requested that the District

Nor has Jetter suggested that he served any additional time in federal prison. With respect to this argument, we agree with the First Circuit's recent conclusion in a similar case. In that case, "the [district] court gave the appellant credit for all the time that he had spent in custody while awaiting the holding of the final revocation hearing." *United States v. Pagan-Rodriguez*, 600 F.3d 39, 43 (1st Cir. 2010). Accordingly, the court of appeals held that "[t]he end result is that the appellant will serve only the time that he would in any event have served. He did not, therefore, suffer any cognizable prejudice." *Id.*

## CONCLUSION

We have reviewed the record and all of the parties' arguments on appeal. For the reasons set out above, we **AFFIRM** the judgment of the District Court, entered January 10, 2013.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

---

Court transfer him to state custody, nor has he shown any evidence that he was likely to be released on bond by the state courts. Accordingly, we also find this argument to be without merit.