UNITED STATES of America,
Plaintiff,

v.

Pedro VAZQUEZ–MENDEZ,
Defendant.

Cr. No. 00–333 (PG).

United States District Court,
D. Puerto Rico.

Signed Feb. 11, 2015.

Pretrial Services, U.S. Pretrial Services, Sonia I. Torres–Pabon, United States Attorney's Office, U.S. Marshal, U.S. Marshal Service, U.S. Probation, U.S. Probation Office, San Juan, PR, for Plaintiff.

Guillermo A. Macari–Grillo, Macari Law Office, San Juan, PR, for Defendant.

### MEMORANDUM ORDER

JUAN M. PÉREZ–GIMÉNEZ, District Judge.

The defendant, Pedro Vazquez–Mendez, moves for the consolidation of revocation proceedings with a separate criminal matter or, in the alternative, a continuance of the revocation proceedings. (Docket No. 1113.) His motion is denied.

On February 5, 2001 Vazquez–Mendez pled guilty to one count of conspiracy to distribute illegal narcotics. (Docket No. 182.) On July 1, 2004, the Court sentenced Vazquez–Mendez to serve a statutory term of 235 months, imposing a five-year term of supervised release. (Docket No. 729.) On December 12, 2014, at the request of the probation department, the Court issued a warrant for Vazquez–Mendez's arrest for violations of the terms of his supervised release. The alleged criminal conduct that potentially violated Vazquez–Mendez's supervised release is now pending before District Judge Besosa. (Crim. 14–713.) Vazquez–Mendez requests the consolidation of his revocation proceedings with the matter pending before Judge Besosa, or, in the alternative, postponement of the revocation proceedings until the completion of the criminal matter. (Docket No. 1113.)

To begin, the Court is disinclined to consolidate the revocation hearing with the pending criminal matter before Judge Besosa. Having previously sentenced Vazquez–Mendez, the Court retains a familiarity with the underlying case essential to judicial economy.

Next, Vazquez–Mendez asserts that holding the revocation proceeding prior to the criminal matter may implicate his Fifth Amendment right against self-incrimination.

It is plain that the possible revocation of supervised release jeopardizes an offender's conditional liberty. *U.S. v. Pagan–Rodriguez,* 600 F.3d 39, 41 (1st Cir. 2010). It is also plain that the law often creates circumstances where an offender must make a difficult choice between competing constitutionally protected interests. For example, here, Vazquez–Mendez potentially must choose between the right to be heard personally in a revocation hearing and the right to protect himself against self-incrimination in a subsequent criminal proceeding. That Vazquez–Mendez must make such a decision does not mean his Fifth Amendment right has been unconstitutionally burdened. Nor does the existence of such a decision necessitate a certain procedural chronology. *Flint v. Mullen,* 499 F.2d 100, 105 (1st Cir.1974) (holding that the Constitution does not require the postponement of a revocation hearing pending the conclusion of a criminal proceeding that arises out of the same act that constitutes a probation violation).

Vazquez–Mendez was allegedly found in possession of a firearm in violation of the terms of his supervised release. While Vazquez–Mendez may successfully move to suppress the inclusion of the firearm as

evidence in the pending criminal matter before Judge Besosa, that legal "fiction" would not require this Court to ignore the fact that Vazquez–Mendez was allegedly found in possession of a firearm in violation of the terms of his supervised release. *Pagan–Rodriguez*, 600 F.3d at 42 (holding that the standards for finding an offender in violation of a supervised release condition are different from, and not dependent on, the standards for finding a criminal defendant guilty beyond a reasonable doubt). The issue is clear then: While the Court is obligated to ensure that procedural safeguards exist to protect Vazquez–Mendez's rights, such safeguards cannot elide the distinction between a revocation hearing and any subsequent criminal proceeding.

For the foregoing reasons, we **DENY** the defendants' motion for consolidation or postponement. (Docket No. 1113.)

**IT IS SO ORDERED.**