17-1238-cr
*United States v. Browder*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of March, two thousand twenty.

Present:
> PIERRE N. LEVAL,
> REENA RAGGI,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

───────────────────────────────────────

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                17-1238-cr

BRIAN S. BROWDER,

> *Defendant-Appellant*.

───────────────────────────────────────

For Appellee:                           DOUGLAS A. PENROSE, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, NY

For Defendant-Appellant:     PETER J. TOMAO, Garden City, NY

                                            BRIAN S. BROWDER, *pro se*, Buffalo, NY

Appeal from a judgment of the United States District Court for the Western District of New York (Lawrence J. Vilardo, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Brian Browder appeals from a district court judgment, imposed on April 12, 2017, revoking his term of supervised release and sentencing him to time served and an additional ten years of supervision. Browder previously pleaded guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Following a hearing on the revocation, the district court found that Browder failed to satisfy a special condition of his supervision requiring him to participate in a sex offender treatment program. On appeal, Browder (through counsel) challenges both the district court's violation findings and the condition itself. In his supplemental *pro se* brief, he asserts error in the underlying proceedings and complains that his counsel during the revocation proceeding was ineffective. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We begin by discussing the scope of justiciable issues before us. In criminal cases, an appeal becomes moot if the defendant no longer suffers from "some continuing injury or collateral consequence sufficient to satisfy Article III." *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011) (quotation marks omitted). Where a condition of supervised release is modified or the term of supervised release expires, challenges to such condition are rendered moot. *See id.* at 937–38; *see also United States v. Johnson*, 446 F.3d 272, 276 (2d Cir. 2006) ("Johnson objected to computer monitoring; his objection became moot when this condition was modified a second time."); *United States v. Probber*, 170 F.3d 345, 348 (2d Cir. 1999). Here, Browder challenges the validity of the conditions imposing a mental health treatment requirement, requiring mental

2

health evaluations, and prohibiting him from consuming alcohol, and the reasonableness of the term of supervised release imposed by the district court. But the term of supervised release that gave rise to these claims is no longer in effect. On January 8, 2020, the district court—pursuant to our remand order in *United States v. Browder*, 866 F.3d 504 (2d Cir. 2017)—imposed new conditions and a new term of supervised release. Accordingly, Browder's challenges to the prior conditions are moot.

Browder also raises numerous challenges to prior proceedings and to the legality of the mental health treatment condition, but he failed to object to any of these issues in either of his prior appeals. *See Browder*, 866 F.3d 504; *United States v. Browder*, 499 F. App'x 74 (2d Cir. 2012). Accordingly, he has forfeited these arguments. *See United States v. Warren*, 335 F.3d 76, 78 (2d Cir. 2003); *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997); *United States v. Lopez*, 771 F. App'x 109, 110–11 (2d Cir. 2019).

We now turn to the substance of Browder's appeal. Browder primarily asserts that the district court erred in finding that he violated the treatment-participation condition of his supervised release by denying that he intentionally possessed child pornography, which rendered him ineligible for the program identified by the Probation Department. A district court may revoke a term of supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). "A district court's finding that a defendant has violated conditions of supervised release is reviewed for abuse of discretion, and its factual findings are reviewed for clear error." *United States v. Glenn*, 744 F.3d 845, 847 (2d Cir. 2014) (citations omitted). We discern no error in the district court's determination that Browder violated the treatment condition of his supervised release.

The record supports the district court's conclusion that Browder was denied admission to the treatment program because he was insisting that he was innocent of the crime to which he had pleaded guilty. While the counselor's testimony was at times unclear as to what conduct Browder needed to acknowledge, the district court permissibly found that it was his refusal to acknowledge the crime to which he had pleaded guilty that caused him to be denied admission and that his insistence on his innocence in those circumstances amounted to a refusal to participate in sex offender treatment as required by the terms of his supervised release. *See United States v. Baker*, 522 F. App'x 10, 13 (2d Cir. 2013) (citing *United States v. Iodice*, 525 F.3d 179, 185 (2d Cir. 2008)); *cf. United States v. Graves*, 466 F. App'x 56, 57–58 (2d Cir. 2012).

Browder also argues that his detention during the pendency of his revocation proceeding was improper. Not so. Browder does not—and cannot—argue that the district court lacked probable cause to remand him. Nor did he argue below that his detention was in error or that he would "not flee or pose a danger to any other person or to the community." Fed. R. Crim. P. 32.1(a)(6); *see* Fed. R. Crim. P. 46(d). Accordingly, Browder has not shown that the district court erred in remanding him. Insofar as Browder complains of difficulties communicating with counsel from prison, he fails to demonstrate any ensuing prejudice. Finally, at the conclusion of Browder's revocation proceeding, the district court sentenced him to time served. Because "[t]he end result is that the appellant . . . serve[d] only the time he would in any event have served[, h]e did not . . . suffer any cognizable prejudice," so his detention was not unreasonable. *United States v. Jetter*, 577 F. App'x 5, 8 (2d Cir. 2014) (quoting *United States v. Pagan-Rodriguez*, 600 F.3d 39, 43 (1st Cir. 2010)).

Browder next complains that the district court did not grant him a continuance to prepare for the revocation proceeding. "We review an order denying a continuance for abuse of

4

discretion, and we will find no such abuse unless the denial was an 'arbitrary action that substantially impaired the defense.'" *United States v. O'Connor*, 650 F.3d 839, 854 (2d Cir. 2011) (quoting *United States v. Beverly*, 5 F.3d 633, 641 (2d Cir. 1993)). Browder identifies no substantial impairment caused by the district court's denial of his motion for a continuance. Indeed, the district court granted multiple continuances to allow new counsel to prepare. Accordingly, the district court did not abuse its discretion.

Finally, we turn to Browder's claim that his revocation counsel was ineffective. We may decide an ineffective assistance claim, "even when it is raised for the first time on appeal, when its resolution is beyond any doubt or to do so would be in the interest of justice." *United States v. Matos*, 905 F.2d 30, 32 (2d Cir. 1990) (quotation marks omitted). An appellant complaining of ineffective assistance must demonstrate (1) that his attorney's performance fell below "an objective standard of reasonableness" and (2) "affirmatively prove prejudice." *Strickland v. Washington*, 466 U.S. 668, 688, 693 (1984). To establish prejudice, a defendant must demonstrate "a reasonable probability that the outcome of the proceeding would have been different." *Mayo v. Henderson*, 13 F.3d 528, 534 (2d Cir. 1994).

Browder fails to point to any evidence of prejudice. Indeed, ample evidence supports the finding that Browder violated the terms of his supervised release, and the procedural objections he contends his attorneys should have raised are without merit. To the extent Browder claims his *second* attorney failed to cross-examine his probation officer, he fails to articulate any failing in his *first* attorney's cross-examination, let alone how further cross-examination could have cured such inadequacy. Similarly, even if his first attorney failed to seek discovery, his second attorney did. Moreover, Browder concedes that his second attorney was "unusual[ly] diligen[t]." Def.-Appellant's Supp. Br. 55. Accordingly, we have no doubt that his ineffectiveness claim fails.

* * *

We have considered Browder's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk