**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2191
_____

UNITED STATES OF AMERICA

v.

EDWIN RAMON ACOSTA-BRITO,
a/k/a "Edwin Acost," a/k/a "Hector M. Vazquez-Roldan,"
a/k/a "Samuel Rivera," a/k/a "Hector Vazquez,"

                                                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Nos. 2:06-cr-00589-001 & 2:10-cr-00695-001)
District Judge: Honorable Petrese B. Tucker
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on April 24, 2020

Before: AMBRO, SHWARTZ, and BIBAS, *Circuit Judges*

(Filed: April 28, 2020)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge*.

Edwin Ramon Acosta-Brito pleaded guilty to federal felonies in 2007 and 2011, went to prison, and was deported in 2012. In 2013, he reentered the country illegally before his supervised release ended. Not long after, he shot a man outside a Philadelphia nightclub. He later pleaded guilty to several state felonies related to the shooting and was sentenced to 10 to 20 years' imprisonment. Those offenses also violated the terms of his still-ongoing federal supervised release. So the District Court eventually revoked it and imposed a new 24-month prison term to run consecutively to his state sentence. This timely appeal followed.

Now, Acosta-Brito's court-appointed counsel has filed an *Anders* brief and moved to withdraw, arguing that any appeal would be frivolous. *See* 3d Cir. L.A.R. 109.2(a) (citing *Anders v. California*, 386 U.S. 738 (1967)). Having reviewed the briefs and the record, we agree. So we will affirm and grant counsel's motion to withdraw.

\* \* \* \* \*

The *Anders* brief shows that counsel has reviewed the record thoroughly in search of appealable issues. While terse, the brief is "adequate on its face." *United States v. Youla*, 241 F.3d 296, 301 (3d Cir. 2001). Though counsel's analysis lights our path, we must still review the record ourselves. *See id.* Counsel identifies three potential issues for appeal. We see one more. None has merit.

First, there is no colorable jurisdictional question. The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3583(e)(3). As do we, under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

2

Second, the District Court did not abuse its discretion by imposing a 24-month revocation sentence. The sentence fell within the statutory and Sentencing Guidelines ranges. And its length was fitting, given Acosta-Brito's criminal history, prior supervised-release violation, and the violent nature of his most recent conviction.

Third, the District Court did not abuse its discretion by imposing consecutive sentences. When a defendant breaks the law while on supervised release, the Sentencing Guidelines recommend that district courts make the revocation sentence consecutive to any sentence for that new offense. U.S.S.G. §7B1.3(f). This provides separate punishment for the defendant's breach of the court's trust. *United States v. Dees*, 467 F.3d 847, 853 (3d Cir. 2006). The District Court's decision to follow the Guidelines' recommendation here was more than justified by Acosta-Brito's lengthy criminal history and his earlier supervised-release violation. *See, e.g.*, *United States v. Bungar*, 478 F.3d 540, 545–46 (3d Cir. 2007) (affirming a revocation sentence well above the Guidelines range based on the defendant's criminal history and significant breach of trust).

Finally, though the *Anders* brief does not address it, we find no error in the five-plus-year delay between the probable-cause and revocation hearings. Federal Rule of Criminal Procedure 32.1(b)(2) requires courts to "hold the revocation hearing within a reasonable time." We will assume for the sake of argument that the triggering event is the probable-cause hearing. *See* Fed. R. Crim. P. 32.1 advisory committee's notes to 1979 enactment ("Ordinarily [the delay] will be measured from the time of the probable cause finding …."); *United States v. Pagan-Rodriguez*, 600 F.3d 39, 41 (1st Cir. 2010) (same). *But see United States ex rel. Caruso v. U.S. Bd. of Parole*, 570 F.2d 1150, 1153 (3d Cir. 1978) (considering

3

the since-repealed parole rules). To assess the reasonableness of the delay, we consider, among other things, the "prejudice [to the defendant's] ability to contest the validity of his revocation" and the "reason for the delay." *United States v. Poellnitz*, 372 F.3d 562, 570–71 (3d Cir. 2004).

Acosta-Brito cannot show prejudice because he chose not to contest the basis for the revocation motion. He pleaded guilty after the nightclub shooting. And at the revocation hearing, he "stipulate[d] … to the underlying conviction" and conceded that it "violate[d] the court's supervised release" terms. App. 33–34. Nor can he impugn the reasons for the delay: The court sensibly waited until after he had pleaded guilty to his latest crimes, which undergirded the revocation. *See Poellnitz*, 372 F.3d at 571. And between the plea and the revocation hearing, he was serving a lengthy sentence in state prison. So there was no urgent need to revoke his supervised release. Thus, while the delay was long, it was not unreasonable.

\* \* \* \* \*

In sum, our review of the record confirms that any appeal would be frivolous. So we will affirm Acosta-Brito's sentence, grant counsel's motion to withdraw, and excuse counsel from petitioning for rehearing or for a writ of certiorari. *See* 3d Cir. L.A.R. 35.4, 109.2(a)–(b).