■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN JAY SANTIAGO, Appellant. [757 NYS2d 269] —Judgment, Supreme Court, New York County (Arlene Silverman, J.), rendered May 30, 2000, convicting defendant, after a jury trial, of robbery in the first degree and criminal possession of a weapon in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 22 years to life and 16 years to life, respectively, unanimously affirmed.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]; *People v Pavao*, 59 NY2d 282, 292 [1983]). The court expressly stated that it was permitting inquiry about defendant's prior robbery convictions because their theft-related aspect rendered them highly probative of defendant's credibility, and defendant's argument that the court considered impermissible criteria misreads the plain language of the court's decision.

Defendant received a full opportunity to attack the credibility of the People's witnesses. The court properly exercised its discretion in precluding defendant from introducing an alleged prior inconsistent statement by a People's witness that had little or no probative value on any material issue (*see People v Duncan*, 46 NY2d 74, 80 [1978], *cert denied* 442 US 910 [1979]). Accordingly, there was no impairment of defendant's right to confront witnesses and present a defense (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]; *Crane v Kentucky*, 476 US 683, 689-690 [1986]).

The court properly declined to charge third-degree robbery as a lesser included offense. There is no reasonable view of the evidence that defendant used any type of force other than the display of what appeared to be a firearm.

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is unpreserved for appellate review and, in any event, is without merit (*see People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]). Concur—Buckley, P.J., Nardelli, Andrias, Ellerin and Friedman, JJ.