[866 NE2d 1039, 834 NYS2d 710]

The People of the State of New York, Respondent, v James Chiddick, Appellant.

Argued March 22, 2007; decided May 1, 2007

**POINTS OF COUNSEL**

*Simpson Thacher & Bartlett LLP,* New York City (*Jamie Lynn Craver* and *Jonathan K. Youngwood* of counsel), and *Office of the Appellate Defender* (*Richard M. Greenberg* and *Risa Gerson* of counsel) for appellant. James Chiddick's second degree burglary and second degree assault convictions must be reversed because the evidence educed at trial was legally insufficient to establish "physical injury" within the meaning of Penal Law § 10.00 (9). (*People v Guidice,* 83 NY2d 630; *Matter of Philip A.,* 49 NY2d 198; *People v Jimenez,* 55 NY2d 895; *People v Adams,* 309 AD2d 648; *People v Foster,* 162 AD2d 703; *People v Estes,* 131 AD2d 872; *Matter of Shawnell UU.,* 240 AD2d 947; *People v Marzano,* 147 AD2d 752; *People v Thomas,* 274 AD2d 761; *People v Velasquez,* 202 AD2d 1037.)

*Robert T. Johnson, District Attorney,* Bronx (*Leilani Rodriguez, Joseph N. Ferdenzi* and *Peter D. Coddington* of counsel), for respondent. Physical injury was established beyond a reasonable doubt. (*People v Contes,* 60 NY2d 620; *Jackson v Virginia,* 443 US 307; *People v McDowell,* 28 NY2d 373; *People v Rojas,* 61 NY2d 726; *Matter of Philip A.,* 49 NY2d 198; *People v Guidice,* 83 NY2d 630; *People v Bouyea,* 142 AD2d 757; *People v Tejeda,* 165 AD2d 683, 78 NY2d 936; *People v Durant,* 190 AD2d 615; *People v Tate,* 170 AD2d 291.)

**OPINION OF THE COURT**

SMITH, J.

We hold that the evidence in this case was sufficient to support the jury's finding that defendant caused "substantial pain" and therefore "physical injury" to his victim.

Defendant made the mistake of committing burglary in a building where Adrian Gentles was working. Gentles confronted him and the two scuffled, defendant trying to escape and Gentles trying to hold on to him. Defendant bit Gentles on the left ring finger and fled, but Gentles followed him in a car, eventually cornered him, and turned him over to the police.

The bite caused Gentles's fingernail to crack and his finger to bleed. After defendant was captured, Gentles went to the hospital, where he received a tetanus shot and a bandage. Gentles gave the following testimony about what the bite felt like:

"Q . . . And as a result of being bitten on your nail by the defendant, what happened, did you feel any pain?

"A Sure.

"Q All right. How much pain? A little pain, a lot of pain?

"A In between.

"Q Okay. So, moderate pain you felt?

"A Yeah."

A jury convicted defendant on several charges, including second degree burglary (Penal Law § 140.25) and second degree assault (Penal Law § 120.05 [6]). It is an element of both these crimes that defendant caused "physical injury" to Gentles, and defendant challenges his conviction on the ground that proof of physical injury was lacking. "Physical injury," as used in the Penal Law, means "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). We decide that the record supports a finding of substantial pain, and do not consider whether impairment of physical condition was also established.

Of course "substantial pain" cannot be defined precisely, but it can be said that it is more than slight or trivial pain. Pain need not, however, be severe or intense to be substantial. Beyond these generalizations, there are several factual aspects of a case that can be examined to decide whether enough pain was shown to support a finding of substantiality.

Perhaps most important is the injury defendant inflicted, viewed objectively. Here, defendant broke Gentles's fingernail and caused him to bleed—an experience that would normally be expected to bring with it more than a little pain. Also important is the victim's subjective description of what he felt; sometimes an objective account of the injury, unaccompanied by testimony about the degree of pain the victim experienced, will be enough (*People v Rojas*, 61 NY2d 726 [1984]), but sometimes it will not (*Matter of Philip A.*, 49 NY2d 198 [1980]). Here, Gentles's testimony confirms that the pain was not trivial: he said it was in between "[a] little" and "a lot."

It is also relevant that Gentles sought medical treatment for the wound defendant inflicted—an indication that his pain was significant. And finally, the legislative history of the Penal Law

shows that the motive of the offender may be relevant: the revisors' notes to the sections defining assault say that "petty slaps, shoves, kicks and the like delivered out of hostility, meanness and similar motives" constitute only harassment and not assault, because they do not inflict physical injury (*see* Staff Notes of Temp St Commn on Rev of Penal Law and Crim Code, 1964 Proposed NY Penal Law art 125, at 330, quoted in *Matter of Philip A.*, 49 NY2d at 200). Motive is relevant because an offender more interested in displaying hostility than in inflicting pain will often not inflict much of it. Here, defendant's motive was to make Gentles let go of him: the whole point of the bite was to inflict as much pain as he could. Indeed, it seems unlikely that anything less than substantial pain would have caused Gentles, evidently a tenacious man, to release his hold.

Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES concur.

Order affirmed.