■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY NELSON, Appellant. [882 NYS2d 91]—

Judgment, Supreme Court, New York County (A. Kirke Bartley, J.), rendered December 18, 2007, convicting defendant, after a jury trial, of two counts of robbery in the second degree, and sentencing him to concurrent terms of five years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility, or its finding that, by throwing him to the ground and repeatedly kicking him, defendant caused physical injury to the victim. To establish the element of physical injury, the People were only required to prove that the victim's injuries were more than mere "petty slaps, shoves, kicks and the like" (Matter of Philip A., 49 NY2d 198, 200 [1980]). Relatively minor injuries causing moderate, but "more than slight or trivial pain" may suffice (see People v Chiddick, 8 NY3d 445, 447 [2007] [fingernail injury]), as may injuries that did not lead to any medical treatment (see People v

*Guidice*, 83 NY2d 630, 636 [1994]). The evidence supports the conclusion that the victim's injuries were well above the required threshold.

Given the particular sequence of events, the court properly exercised its discretion in precluding defendant from cross-examining the cooperating former codefendant regarding the potential sentence to which he would have been exposed had he been convicted of the original charges, and the court's ruling did not deprive defendant of his right to confront witnesses (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]). The record establishes that the codefendant's original attempt to seek leniency in return for cooperation was rejected by the prosecutor. The codefendant then pleaded guilty to attempted robbery in the second degree with a promised sentence of one year, not in return for any cooperation. Prior to his sentencing, the codefendant, whose exposure was already down to one year, then successfully negotiated a cooperation agreement that contemplated further leniency in return for his testimony. Under these circumstances, the 15-year maximum term he might have faced had he not already pleaded guilty was no longer relevant to the codefendant's credibility at the time of trial. While that exposure may have motivated his initial, unsuccessful attempt to cooperate, that exposure no longer existed at the time of the trial, and the codefendant's motivation, as fully explored before the jury, was to obtain a sentence of less than one year.

Although the People were obligated to disclose a prior inconsistent statement made by the cooperating former codefendant (*see Brady v Maryland*, 373 US 83 [1963]), there is no reasonable possibility that the nondisclosure contributed to the verdict (*see People v Vilardi*, 76 NY2d 67, 77 [1990]). The inconsistency was limited to the precise manner in which the codefendant, while acting in concert with defendant, obtained the victim's wallet. However, impeachment of the codefendant by this inconsistency would have been cumulative, since the jury was made aware of a much more damaging inconsistent statement he made to the police, as well as the fact that he was testifying under a cooperation agreement. Furthermore, the codefendant's testimony, in turn, was cumulative to that of the victim, whose credible testimony established defendant's guilt beyond a reasonable doubt. Concur—Gonzalez, P.J., Friedman, Moskowitz, Renwick and Freedman, JJ.