OPINION OF THE COURT
Per Curiam.
Judgment of conviction, reversed, on the law, convictions vacated, that count of the information charging assault in the third degree dismissed, and the matter remanded for a new trial on the counts of the information charging harassment in the second degree.
Defendant’s conviction of third-degree assault cannot be sustained, the People having failed to establish the “physical injury” element of that offense (see Penal Law § 10.00 [9]). Evidence at trial showed that defendant, who is legally blind, “slapped” and kicked complainant Xie during an altercation in the hallway of their residential apartment building. The complainant experienced an unspecified level of pain, as well as swelling and “redness” to her face and legs, for about a week, but neither sought medical attention nor took photographs of her injuries — the latter circumstance attributed to the fact that, in the aftermath of the incident, she did not “plant ] to go to court.” The complainant’s testimony, viewed in light of the objective circumstances, does not support a finding that she suffered impairment of physical condition or substantial pain (see Penal Law § 10.00 [9]; Matter of Jose B., 47 AD3d 461 [2008]; compare People v Chiddick, 8 NY3d 445 [2007]). “ ‘[P]etty slaps, shoves, kicks and the like delivered out of hostility, meanness and similar motives’ constitute only harassment and not assault, because they do not inflict physical injury” (People v Chiddick, 8 NY3d at 448 [citations omitted]).
*90 A new trial is warranted with respect to the remaining second degree harassment charges, in view of the trial court’s refusal to instruct the jury on the defense of justification. Contrary to the People’s contention, justification is available as a defense to a harassment charge, at least one stemming from a defendant’s use of physical force, where, as here, evidence supporting the defense has been presented (see e.g. People v Kearns, 56 AD3d 1047 [2008], lv denied 12 NY3d 784 [2009]). As the Court of Appeals instructed in People v McManus (67 NY2d 541, 547 [1986]):
“[T]here is no basis for limiting the application of the defense of justification to any particular mens rea or to any particular crime involving the use of force. Indeed, the Legislature has clearly not done so. The introductory provision to article 35 of the Penal Law evinces an intent to give the justification defense the broadest possible scope. It states without qualification that the defense is available ‘[i]n any prosecution for an offense’ (Penal Law § 35.00 [emphasis added]). Likewise, section 35.15, the provision specifically at issue in this case which outlines the circumstances under which the use of physical force . . . [is] justified, is devoid of any such limiting language.”
Defendant’s remaining arguments are either lacking in merit or have been rendered academic in light of our determination.
McKeon, PJ., Schoenfeld and Heitler, JJ., concur.