OPINION OF THE COURT
Rita Mella, J.
*382 The defendant is charged with assault in the third degree (Penal Law § 120.00 [1]) and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03).
In an omnibus motion, the defendant seeks: (1) dismissal of the assault charge on grounds of facial insufficiency; (2) suppression of any identification evidence and testimony against him; (3) to preclude the prosecution from presenting identification and statement testimony at trial for which they failed to give timely notice; (4) to preclude the prosecution’s use of defendant’s prior or subsequent criminal history, or uncharged criminal, vicious, or immoral conduct; and (5) to sever the charges against him for purposes of trial.
The defendant also seeks discovery, submits a demand to produce and a request for a bill of particulars, and seeks reservation of rights to make additional applications based on the People’s production and subsequent case development. The People respond to the defendant’s motion, provide their voluntary disclosure form, and request discovery from the defendant.
The motions are decided as follows.
Facial Insufficiency
As stated above, the defendant has moved to dismiss the charge of assault in the third degree on facial insufficiency grounds. The People argue that the information is sufficient as to this charge.
The relevant factual part of the information in this case, which is signed by a police officer of the Transit Division District 04 of the New York City Police Department, reports that “[d]eponent is informed by a person known to the District Attorney’s Office that said defendant approached said informant and shoved and hit said informant about the body with his fist, causing substantial pain.”
A supporting deposition signed by the informant/complainant was served and filed by the People.
For an information to be sufficient on its face, it must allege “facts of an evidentiary character supporting or tending to support [each] charge[ ]” (CPL 100.15 [3]), “provide reasonable cause to believe that the defendant committed [each] offense charged” (CPL 100.40 [1] [b]), and contain nonhearsay allegations which “establish, if true, every element of [each] offense charged and the defendant’s commission thereof’ (CPL 100.40 [1] [c]; see People v Alejandro, 70 NY2d 133 [1987]).
“ ‘Reasonable cause to believe that a person has *383 committed an offense’ exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it.” (CPL 70.10 [2].)
Failure of an accusatory instrument to allege an element of the charged offense is a nonwaivable jurisdictional defect. (People v Kalin, 12 NY3d 225, 229 [2009]; People v Jones, 9 NY3d 259, 262 [2007].)
In reviewing allegations in an information for facial sufficiency, the court should give such allegations “a fair and not overly restrictive or technical reading,” so long as they provide the accused with “notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense.” (People v Casey, 95 NY2d 354, 360 [2000].)
Assault in the Third Degree
A person is guilty of assault in the third degree when “[w]ith intent to cause physical injury to another person, he [or she] causes such injury to such person or to a third person.” (Penal Law § 120.00 [1].) “A person acts intentionally with respect to a result. . . when his [or her] conscious objective is to cause such result. . . .” (Penal Law § 15.05 [1].) The result here, “physical injury,” is defined as “impairment of physical condition or substantial pain.” (Penal Law § 10.00 [9].)
The defendant argues that the allegations in the accusatory instrument are merely a formulaic recitation, in particular challenging the sufficiency of the conclusory allegation that the defendant’s conduct caused the informant “substantial pain.” In addition, the defendant asserts that, even taken as true, his alleged conduct does not establish the elements of assault. The People argue that the allegations of the defendant’s conduct provide reasonable cause to believe that the defendant acted with intent to cause physical injury and that the informant experienced substantial pain as a result. Additionally, with respect to the physical injury element, the People respond that because physical injury is not necessarily fully manifested a few hours after the incident when the accusatory instrument is drawn, an allegation that a complainant suffered substantial pain should be sufficient to establish that element at the pleading stage.
*384 Physical Injury
As aforementioned, physical injury for purposes of an assault charge is defined as “impairment of physical condition or substantial pain.” (Penal Law § 10.00 [9].) While the question of whether an alleged impairment of physical condition or pain is sufficient to establish physical injury is one for the trier of fact, “there is an objective level . . . below which the question is one of law, and the charge should be dismissed.” (Matter of Philip A., 49 NY2d 198, 200 [1980]; see People v Oquendo, 134 AD2d 203 [1st Dept 1987], lv denied 70 NY2d 959 [1988] [reviewing cases where injuries did not constitute “substantial pain”].) For instance, “ ‘petty slaps, shoves, kicks and the like delivered out of hostility, meanness and similar motives’ ” are not acts that constitute assault. (See Philip A., 49 NY2d at 200, quoting Staff Notes of Temp St Commn on Rev of Penal Law and Grim Code, 1964 Proposed NY Penal Law art 125, at 330; People v Chiddick, 8 NY3d 445, 448 [2007].)
In the instant matter, the court must consider whether the allegations and all reasonable inferences therefrom are sufficient to establish that the complaining witness experienced substantial pain and therefore suffered physical injury. “Substantial pain” is “more than slight or trivial pain” but “need not . . . be severe or intense.” (Chiddick, 8 NY3d at 447.) The Court in Chiddick identified “several factual aspects . . . that can be examined to decide whether enough pain was shown to support a finding of substantiality,” including: (1) the injury that the defendant inflicted, viewed objectively; (2) the complaining witness’ subjective description of what he or she felt; (3) whether the complaining witness sought medical attention; and (4) the motive of the offender. (Id. at 447-448.)
Here, the only allegation as to the alleged assault is that the defendant shoved and hit the complainant about the body with his fist. The accusatory instrument alleges that this caused the complaining witness substantial pain. The court concludes that the utter absence of any description of the injuries allegedly experienced by the informant/complainant renders this accusatory instrument defective, the element of physical injury not being sufficiently alleged.
Of course, at the pleading stage, which generally takes place very shortly after the alleged incident occurred, the court is cognizant of the possibility that the extent of injuries sustained by a complainant may not be known. (See People v Henderson, 92 NY2d 677, 680-681 [1999].) However, this does not negate *385 the need for some description of the physical injury endured beyond an empty allegation that the complainant experienced substantial pain. (See id. [at pleading stage, shortly after alleged assault, injuries may not have fully manifested such that allegations of substantial pain, swelling and contusions, following kicks, deemed sufficient to constitute “physical injury”].)
Here there are no allegations (1) that describe the injury, its nature or location on the body, (2) as to the amount of force employed by the defendant, (3) that the pain experienced by the complaining witness persisted for any duration of time after the incident itself, or (4) as to the impact of the defendant’s alleged conduct on the complaining witness, such as whether it affected her ability to perform certain tasks, from which the court could determine whether any purported injury, viewed objectively, meets the threshold level of “physical injury.” (See Matter of Jose B., 47 AD3d 461 [1st Dept 2008] [physical injury element not established where complainant was hit with closed fist on his arm and shoulder, testified that he felt pain in his arm and back for several days and that the pain interfered with his performance of some chores, but the medical diagnosis was merely minor soft tissue trauma, for which Motrin was prescribed, without any bruising, reduction in range of motion, or other indication of injury]; see also Oquendo, 134 AD2d at 203 [evidence at trial insufficient to establish “substantial pain” where injury suffered by complainant constituted entirely of pain experienced at the time of commission of the crime, the severity of which is undetermined, and some bruising, and there is no indication of any aftereffects]; People v Dipoumbi, 23 Misc 3d 1127[A], 2009 NY Slip Op 50974[U] [Crim Ct, NY County 2009] [no factual support for complainant’s allegation that he suffered substantial pain where only injury alleged is “swelling” to arm and no allegation concerning duration of the pain or the seriousness].)
The other “factual aspects” identified by the Court in Chiddick to determine whether pain was substantial are also lacking from this accusatory instrument. For instance, other than a conclusory allegation of experiencing substantial pain, the accusatory instrument is devoid of the complainant’s own description of what she experienced. Similarly, there are no allegations that she sought medical treatment (see Chiddick, 8 NY3d at 447-448; see also People v Balan, 25 Misc 3d 88 [App Term, 1st Dept 2009] [physical injury element not established where complainant was “slapped” and kicked, experienced an unspeci *386 fled level of pain, as well as swelling and “redness” to her face and legs, for about a week, but did not seek medical attention]; Dipoumbi, 23 Misc 3d 1127[A], 2009 NY Slip Op 50974[U] [2009]). Finally, there are no facts from which the court could infer whether the defendant’s motive was mere hostility or meanness, or intent to cause the complaining witness pain (Chiddick, 8 NY3d at 448 [allegation that defendant bit the complainant while struggling to try to break free and run away relevant to finding that defendant inflicted substantial pain because it may be inferred that defendant wanted to hurt complainant so that complainant would release him]; Henderson, 92 NY2d at 680 [significant that kicks “were the spearhead of a concerted physical attack aimed at forcefully taking the victim’s property”]).
The court is in no way holding here that allegations substantiating all of these factual aspects must be alleged in every accusatory instrument in order to establish the physical injury element. It does hold, however, that when the accusatory instrument fails to provide any factual allegations that the court could identify as supporting the aspects employed in Chiddick to establish the presence of substantial pain, and only conclusorily alleges that the complainant suffered substantial pain as a result of being hit by the defendant “about the body with his fist,” that element has not been sufficiently pleaded.
Therefore, the court finds that this accusatory instrument is jurisdictionally defective because it fails to properly allege the element of physical injury. Accordingly, the defendant’s motion to dismiss the charge of assault in the third degree is granted.*
Suppression of Identification Evidence
Defendant’s motion to suppress identification evidence is granted to the extent of ordering that a Wade/Dunaway hearing be conducted prior to trial.
Preclusion of Statement and Identification Evidence
Defendant’s motion to preclude at trial the use of any statements or identification evidence for which notice has not been timely given is denied without prejudice to renew should the People intend to introduce evidence of this type for which they did not serve proper notice.
*387 Preclusion of Evidence of Prior Convictions and Bad Acts
Defendant’s motion to preclude the introduction at trial of evidence of his prior convictions or bad acts pursuant to People v Sandoval (34 NY2d 371 [1974]) is reserved for the trial court.
Discovery and Bill of Particulars
Defendant’s motion for pretrial discovery and a bill of particulars is granted to the extent provided by the People in their voluntary disclosure form. The People are reminded of their continuing Brady v Maryland (373 US 83 [1963]), People v Rosario (9 NY2d 286 [1961]) and related responsibilities.
Conclusion
For the reasons discussed above, the defendant’s motion to dismiss the charge of assault in the third degree (Penal Law § 120.00 [1]) on ground of facial insufficiency is granted. In view of this decision, defendant’s motion to sever the charges against him for trial is moot. A Wade/Dunaway hearing is to be conducted prior to trial and the Sandoval issue is reserved.

 This ruling does not foreclose the People’s ability to file a timely superseding information that sufficiently alleges the physical injury element. (See People v Nuccio, 78 NY2d 102 [1991].)