■ In the Matter of TRANSCORP CONSTRUCTION CORP., Respondent, v 2093 AMSTERDAM AVENUE, HDFC, Appellant. [917 NYS2d 557]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Marylin G. Diamond, J.), entered on or about April 8, 2009, and said appeal having been argued by counsel for the respective parties; and due deliberation having been had thereon, and upon the stipulation of the parties hereto dated February 15, 2011, it is unanimously ordered that said appeal be and the same is hereby withdrawn in accordance with the terms of the aforesaid stipulation. Concur—Tom, J.P., Saxe, DeGrasse, Freedman and Román, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAMMY LANG, Appellant. [917 NYS2d 564]—

Judgment, Supreme Court, Bronx County (Ralph A. Fabrizio, J.), rendered April 6, 2009, convicting defendant, upon her plea of guilty, of assault in the third degree, and sentencing her to a term of 15 days, unanimously affirmed.

The misdemeanor information was not jurisdictionally defective (see People v Kalin, 12 NY3d 225, 232 [2009]). It charged all the elements of third-degree assault, and set forth sufficient factual allegations to warrant the conclusion that the victim suffered substantial pain. Accepting the allegations as true, a trier of fact could infer that when defendant punched the victim in the face, she caused substantial pain (see People v Henderson, 92 NY2d 677, 679 [1999]; see also People v Chiddick, 8 NY3d 445, 448 [2007]; People v Guidice, 83 NY2d 630, 636 [1994]), especially since defendant expressly announced her intent to injure the victim just before she punched her. Concur—Saxe, J.P., Friedman, DeGrasse, Freedman and Abdus-Salaam, JJ.