■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZHOMY QUITO, Appellant. [966 NYS2d 91]—

Order, Supreme Court, New York County (Gregory Carro, J.), entered on or about May 23, 2011, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously modified, on the law, to extent of reducing the adjudication to that of a level one sex offender, and otherwise affirmed, without costs.

The court erred in assessing 15 points under the risk factor for use of violence, because the People did not meet their burden of establishing, by clear and convincing evidence, that defendant caused physical injury (*see* Penal Law 10.00 [9]) to the victim. Although minor injuries may cause substantial pain, a showing of "more than slight or trivial pain" is required (*People v Chiddick*, 8 NY3d 445, 447 [2007]). The People do not dispute defendant's assertion that the photographs of the injuries depicted only "faint marks and superficial scratches." Although

evidence of medical treatment is unnecessary to establish physical injury (*see People v Guidice*, 83 NY2d 630, 636 [1994]), here the victim's bare statement that her knee "hurt" was insufficient to support the inference that she suffered substantial pain, given the absence of evidence that she even used ice or an over-the-counter pain reliever. Furthermore, the injury was not sustained as a result of a deliberate assault or other act supporting an inference that it caused substantial pain (*see Chiddick*, 8 NY3d at 448). Therefore, the court should have assessed 10 points for forcible compulsion, but not 15 points.

Without the five improperly assessed points, defendant qualifies as a level one offender. Accordingly, we find it unnecessary to reach any other issues. Concur—Acosta, J.P., Saxe, Moskowitz, Freedman and Manzanet-Daniels, JJ.