Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered September 21, 2010, as amended September 28, 2010, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree, and sentencing him, as a second felony drug offender, to a term of 14 years, unanimously affirmed.
The court properly denied defendant’s mistrial motion, made on the ground that the prosecution violated its duty under Brady v Maryland (373 US 83 [1963]) by failing to disclose an alleg *497 edly exculpatory document until after both sides had rested. Long before trial, the prosecution had disclosed information regarding the inadvertent placement of a manila envelope connected with another narcotics case in the bag containing the drugs recovered from defendant in this case. The belatedly disclosed report essentially summarized information concerning the misplacement of the envelope that had already been the subject of extensive trial testimony by the two police chemists involved. Given that the report did not add any new information, any delay in turning it over to defense counsel did not prejudice the defense, notwithstanding counsel’s conclusory assertions that his lack of the document adversely affected his trial tactics. Nothing in the document cast any doubt on the accuracy of the test results showing that 19 ounces of cocaine were recovered, and there is no reasonable possibility that the belated disclosure contributed to the verdict (see People v Vilardi, 76 NY2d 67, 77 [1990]; People v Nelson, 63 AD3d 629, 630 [2009], lv denied 13 NY3d 861 [2009]).
Defendant’s pro se double jeopardy claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We have considered and rejected defendant’s remaining pro se claims.
Concur — Friedman, J.P, Sweeny, Moskowitz and Freedman, JJ.