■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTIS YOUNG, Appellant. [989 NYS2d 473]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J., at suppression hearing; Analisa Torres, J., at jury trial and sentencing), rendered June 3, 2010, convicting defendant of robbery in the first degree (two counts), robbery in the second degree (two counts) and criminal possession of stolen property in the fifth degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 25 years to life, unanimously modified, on the law, to the extent of vacating the conviction of robbery in the second degree pursuant to Penal Law § 160.10 (2) (b) under the fourth count of the indictment and dismissing that count, and otherwise affirmed.

The court properly denied defendant's suppression motion. The officers' initial detention of defendant on a subway platform was supported by, at least, reasonable suspicion. The plain-clothes officers identified themselves as police and then briefly restrained defendant after they saw him struggling with a woman over a purse as the woman yelled, "Let go of my bag." As officers detained defendant, the woman took her bag back and returned to a subway car. When one of the officers approached her on the subway train, she appeared extremely nervous and afraid, and was unwilling to leave the train as long as defendant was on the platform. When the woman took her identification out of a wallet in that bag to show the officer, this, along with the officer's earlier observations, including the woman having yelled, "Let go of my bag," provided probable cause to arrest defendant. Defendant's alternative explanations for these events are farfetched, and the police were not required to rule out all hypotheses of innocence (see e.g. People v Lewis, 50 AD3d 595 [2008], lv denied 11 NY3d 790 [2008]). There is no merit to defendant's suggestion that the woman's behavior was indicative of criminal behavior on her own part.

The court properly declined to charge third-degree robbery as a lesser included offense of first-degree robbery, as there was no reasonable view of the evidence "that defendant used any type of force other than the display of what appeared to be a firearm" (People v Santiago, 303 AD2d 321, 321 [1st Dept 2003], lv denied 100 NY2d 598 [2003]). However, as the People concede, defendant was entitled to submission of third-degree robbery under the count charging second-degree robbery pursuant to Penal Law § 160.10 (2) (b). While this error would normally require a new trial on the count at issue, we accept the People's recom-

mendation that this count be dismissed in the interest of judicial economy.

Defendant's challenge to the sufficiency of the evidence supporting the element of physical injury regarding the remaining second-degree robbery conviction (*see* Penal Law § 160.10 [2] [a]) is without merit. There is no basis for disturbing the jury's credibility determinations concerning the victim's description of her level of pain (*see People v Guidice*, 83 NY2d 630, 636 [1994]). The evidence supports the inference that her injuries caused "more than slight or trivial pain" (*People v Chiddick*, 8 NY3d 445, 447 [2007]). Concur—Gonzalez, P.J., Acosta, DeGrasse, Freedman and Richter, JJ.