■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC PEELS, Appellant. [998 NYS2d 367]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered June 4, 2012, convicting defendant, after a jury trial, of assault in the second and third degrees and criminal mischief, and sentencing him, as a second violent felony offender, to an aggregate term of six years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence overwhelmingly disproved defendant's justification defense as to the second-degree assault, because his aggressive behavior at the time of the assault was completely incompatible with the legal requirements for a claim of self-defense. With regard to the third-degree assault conviction involving another victim, the evidence supported the inference of substantial pain, thereby establishing the physical injury element (see People v Chiddick, 8 NY3d 445, 447-448 [2007]).

The court properly exercised its discretion in admitting evidence that immediately after the incident, defendant was taken to a hospital under arrest and in an extremely agitated state, where he was "combative, argumentative and threatening staff" by kicking, spitting and flailing his limbs, and that he had to be restrained and sedated. There was a sufficiently close nexus to warrant an inference that defendant's mental state and behavior at the hospital reflected those conditions during the incident. Accordingly, this evidence tended to corroborate the testimony of the People's witnesses and refute defendant's defense of justification, and the People did not exceed the court's ruling.

Since one of the charges submitted to the jury was a hate crime based on the victim's sexual orientation (see Penal Law § 485.05 [1]), the court also properly exercised its discretion in admitting a portion of a recorded telephone conversation in which defendant expressed a desire to harm witnesses against him and used an epithet relating to sexual orientation.

In any event, we find that any error regarding the evidence of defendant's behavior at the hospital or the recorded call was harmless (see People v Crimmins, 36 NY2d 230 [1975]).

Concur—Mazzarelli, J.P., Andrias, Manzanet-Daniels, Feinman and Gische, JJ.