The People of the State of New York, Respondent,
against
Kednel Raymond, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Evelyn J. Laporte, J.), rendered June 25, 2013. The judgment convicted defendant, after a nonjury trial, of attempted assault in the third degree, menacing in the third degree, and harassment in the second degree. The appeal from the judgment of conviction brings up for review an order of the same court (Robert D. Kalish, J.) dated October 1, 2012 denying defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an accusatory instrument with assault in the third degree (Penal Law § 120.00 [1]), menacing in the third degree (Penal Law § 120.15), and harassment in the second degree (Penal Law § 240.26 [1]). The factual part of the original accusatory instrument, dated August 20, 2011, provided that defendant "did kick and punch" the informant, defendant's wife, "about the body," and "that the above described actions caused" her "to suffer bruising to the thigh, to suffer substantial pain, to fear physical injury and to become alarmed and annoyed." Defendant was arraigned on August 20, 2011. A superseding accusatory instrument was filed, dated August 30, 2011 and served in court on September 9, 2011, charging defendant with the same three offenses, and alleging that he "did punch and hit the informant about the body with the . . . defendant's hands and fists," and "that the above described actions caused informant to suffer bruising to the thigh, to suffer substantial pain, to fear further physical injury and to become alarmed and annoyed." Defendant's wife signed a supporting deposition dated August 30, 2011 in conjunction with the superseding accusatory instrument indicating that she had "read the accusatory instrument filed in this action," and that the "facts in that instrument stated to be on information furnished by me are true to my personal knowledge."
On June 19, 2012, defendant moved to dismiss the superseding accusatory instrument pursuant to CPL 30.30. In an affirmation in support of the motion, defendant's trial counsel argued that the period between the date of defendant's arraignment, August 20, 2011, and June 19, 2012, was chargeable to the People, as the superseding accusatory instrument had not been properly converted to an information, because it did not specifically contain factual allegations of an evidentiary nature which, if true, would support every element of each charge, in particular, assault in the third degree. In opposition, the People contended that they had been ready for trial within the statutory 90-day period (see CPL 30.30 [1] [b]), and that defendant's jurisdictional insufficiency claim was without merit.
In an order dated October 1, 2012, the Criminal Court (Robert D. Kalish, J.) denied the motion to dismiss. The court determined that the superseding accusatory instrument was facially sufficient with respect to the charge of assault in the third degree, as the allegations "that the complainant suffered bruising to the thigh and substantial pain due to" defendant's alleged actions "satisfies the physical injury element of Penal Law 120.00 (1) for pleading purposes."[FN1]


After a nonjury trial, the Criminal Court (Evelyn J. Laporte, J.) found defendant guilty of attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]), menacing in the third degree (Penal Law § 120.15), and harassment in the second degree (Penal Law § 240.26 [1]).

We find that the nonhearsay allegations in the factual part of the superseding accusatory instrument and supporting deposition were facially sufficient with respect to the charge of assault in the third degree to convert the instrument to an information. The instrument objectively described the injury as "bruising to the thigh," caused by defendant, who had hit his wife with his "hands and fists" "about the body." As a result, the instrument sufficiently alleged that defendant had intentionally caused physical injury to the victim by means of inflicting substantial pain (see Penal Law §§ 10.00 [9]; 120.00 [1]; People v Chiddick, 8 NY3d 445, 447-448 [2007]; People v Henderson, 92 NY2d 677, 680 [1999]; People v Mercado, 94 AD3d 502 [2012]; People v Coleman, 36 Misc 3d 1242[A], 2012 NY Slip Op 51796[U] [Crim Ct, NY County 2012]; cf. People v Balan, 25 Misc 3d 88 [App Term, 1st Dept 2009]; People v Dipoumbi, 23 Misc 3d 1127[A], 2009 NY Slip Op 50974[U] [Crim Ct, NY County 2009]). Moreover, the superseding accusatory instrument was properly converted to an information, as it contained sufficient allegations supporting the counts of menacing in the third degree and harassment in the second degree.

In view of the foregoing, we find that the basis for defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds lacks merit.

Accordingly, the judgment of conviction is affirmed.

Weston, J.P., Aliotta and Elliot, JJ., concur.

Decision Date: May 25, 2016



Footnotes

Footnote 1: Defendant was subsequently charged, in a second superseding accusatory instrument, dated December 12, 2012, with attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]), menacing in the third degree (Penal Law § 120.15), and harassment in the second degree (Penal Law § 240.26 [1]).