Curran, J.
(dissenting). I respectfully dissent. In my view, the People failed to establish beyond a reasonable doubt that the victim suffered a physical injury, i.e., either “impairment of physical condition or substantial pain” (Penal Law § 10.00 [9]), as is required for a conviction of robbery in the second degree under Penal Law § 160.10 (2) (a). I would therefore modify the judgment by reducing the conviction to robbery in the third degree (§ 160.05; see CPL 470.15 [2] [a]) and vacating the sentence, and I would remit the matter to County Court for sentencing on the conviction of robbery in the third degree (see CPL 470.20 [4]).
In my view, the majority’s decision conflicts with the decisions reached by this Court in People v Coleman (134 AD3d *1558 1555, 1556 [2015], lv denied 27 NY3d 963 [2016]), People v Haynes (104 AD3d 1142, 1143 [2013], lv denied 22 NY3d 1156 [2014]), and People v Lunetta (38 AD3d 1303, 1304 [2007], lv denied 8 NY3d 987 [2007]). The majority relies on People v Chiddick (8 NY3d 445, 447-448 [2007]), but that reliance is misplaced. That case is distinguishable inasmuch as the defendant in Chiddick bit and broke the victim’s finger, thereby causing the victim to bleed. Thus, although the Court of Appeals considered the victim’s subjective pain as an important factor, the injury defendant inflicted, viewed objectively, was “[p]erhaps [the] most important [factor]” (Chiddick, 8 NY3d at 447). Moreover, unlike here, the victim in Chiddick “sought medical treatment for the wound defendant inflicted — an indication that his pain was significant” (id.). Finally, the Court in Chiddick noted that “the whole point of the bite was to inflict as much pain as [defendant] could” (id. at 448). I have no doubt that this was a frightening event for the victim, but to the extent that the majority’s decision endorses an entirely subjective standard for determining whether a victim suffered a physical injury, I cannot agree with it.
Present — Whalen, P.J., Smith, Carni, DeJoseph and Curran, JJ.