The People of the State of New York, Respondent, 
against
Bryan Mejia, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Tamiko A. Amaker, J. at plea; Erika M. Edwards, J. at sentencing), rendered March 13, 2015, convicting him, upon a plea of guilty, of assault in the third degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Tamiko A. Amaker, J. at plea; Erika M. Edwards, J. at sentencing), rendered March 13, 2015, affirmed.
The accusatory instrument was not jurisdictionally defective. It charged all the elements of third-degree assault (see Penal Law § 120.00[1]), and set forth sufficient factual allegations to warrant the conclusion that the victim suffered a "physical injury," i.e., "substantial pain" (see Penal Law § 10.00[9]). The instrument recited that defendant "forcefully squeez[ed]" the victim's neck, and "thr[e]w her onto the floor," causing the victim's "face to strike the floor," and as a result of defendant's actions, the victim suffered "redness to the neck, scratches on her hand, and substantial pain." Based on these allegations, "a jury could certainly infer that the victim felt substantial pain" (People v Henderson, 92 NY2d 677, 680 [1999]; see People v Mercado, 94 AD3d 502 [2012], lv denied 19 NY3d 999 [2012]; People v Lang, 81 AD3d 538 [2011], lv denied 16 NY3d 896 [2011]), a term which simply means "more than slight or trivial pain" (People v Chiddick, 8 NY3d 445, 447 [2007]; see Penal Law § 10.00[9]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 04, 2017