The People of the State of New York, Respondent,
against
Guillermo Bermudez, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Abena Darkeh, J.), rendered July 12, 2016, convicting him, upon a plea of guilty, of assault in the third degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Abena Darkeh, J.), rendered July 12, 2016, affirmed.
The accusatory instrument was not jurisdictionally defective. It charged all the elements of third-degree assault (see Penal Law § 120.00[1]), and set forth sufficient factual allegations to warrant the conclusion that defendant intended to and did cause the victim to suffer a "physical injury," i.e., "substantial pain" (see Penal Law § 10.00[9]). The instrument recited that a police officer observed the defendant "using his hands to grab" the victim and "apply[] pressure with his hands pulling on [the victim's] arms"; that another police officer observed that the victim "was crying, tears streaming down her ... flushed face, and breathing heavily," with "scratches to the backs of both of [her] arms, where [the] police officer described the defendant to have placed his hands"; and that "there were several scratches which were red and swollen, and that they had broken the skin" on the victim's arm. Accepting these allegations as true, "a jury could certainly infer that the victim felt substantial pain" (People v Henderson, 92 NY2d 677, 680 [1999]; see People v Mercado, 94 AD3d 502 [2012], lv denied 19 NY3d 999 [2012]; People v Lang, 81 AD3d 538 [2011], lv denied 16 NY3d 896 [2011]), a term which simply means "more than slight or trivial pain" (People v Chiddick, 8 NY3d 445, 447 [2007]; see Penal Law § 10.00[9]). At the pleading stage, defendant's intent to cause physical injury was readily inferable from his actions (see People v Bueno, 18 NY3d 160, 169 [2011]; see Matter of Edward H., 61 AD3d 473 [2009]; Matter of Marcel F., 233 AD2d 442 [1996]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 22, 2018