People v James (2018 NY Slip Op 02899)





People v James


2018 NY Slip Op 02899


Decided on April 26, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2018

Mazzarelli, J.P., Kapnick, Kern, Singh, JJ.


6389 4072/13

[*1]The People of the State of New York, Respondent,
v
Major James, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Svetlana M. Kornfeind of counsel), and Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York (Katriana G. Roh of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Hilary Hassler of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael Obus, J. at dismissal motion; Marcy L. Kahn, J. at jury trial and sentencing), rendered August 13, 2014, convicting defendant of robbery in the second and third degrees, and sentencing him, as a persistent felony offender, to an aggregate term of 15 years to life, unanimously affirmed.
The court properly denied defendant's motion to dismiss the indictment, because the errors in the grand jury presentation did not rise to the level of impairing the integrity of the proceeding. In addition to admissible evidence that amply supported the indictment, some of the evidence before the grand jury was inadmissible, at least without limiting instructions that the prosecutor did not provide. However, this was not one of the "rare cases of prosecutorial misconduct" entitling a defendant to the "exceptional remedy of dismissal," because there is no "showing that, in the absence of the complained-of misconduct, the grand jury might have decided not to indict the defendant" (People v Thompson, 22 NY3d 687, 699 [2014] [internal quotation marks omitted]). Moreover, much of the improper testimony was elicited in response to questions by the grand jurors. We reject, as speculative, defendant's suggestion that the grand jury's request to ask a police witness additional questions after the prosecutor's examination had been completed evinced a hesitancy to indict.
The trial court providently exercised its discretion in admitting evidence of two highly similar prior uncharged crimes. The crimes had enough distinctive aspects to establish a pattern that was probative of defendant's identity (see People v Beam, 57 NY2d 241, 253 [1982]; People v Swinton, 87 AD3d 491, 493 [1st Dept 2011], lv denied 18 NY3d 862 [2011]). Although the crimes were not identical, "[i]t is not necessary that the pattern be ritualistic for it to be considered unique; it is sufficient that it be a pattern which is distinctive" (Beam, 57 NY2d at 253). Furthermore, the court's limiting instructions minimized any prejudicial effect.
The verdict, including the finding of physical injury necessary to support the second-degree robbery conviction (see Penal Law § 160.10[2][a]), was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). The forceful nature of the assault on the 75-year-old victim, by hurling him into a wall and shoving him to the ground in the course of a robbery, the extensive bruising on the victim's arm visible on a photograph displayed to the jury, and especially the multiple and extended measures which the victim sought to alleviate the pain, indicate that defendant's conduct caused "more than slight or trivial pain" (People v Nelson, 63 AD3d 629, 629 [1st Dept 2009] lv denied 13 NY3d 861 [2009]). Although the victim testified that he had preexisting pain in the injured arm, the evidence supports the inference that the additional pain caused by defendant was substantial, as well as the inference that the victim obtained extended treatment and therapy because of that injury and not because of the preexisting condition.
The court providently exercised its discretion in adjudicating defendant a persistent felony offender. Defendant's constitutional challenge to that adjudication is without merit.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 26, 2018
CLERK