The People of the State of New York, Respondent,
against
Edwin McIntyre, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Laurence E. Busching, J.), rendered May 10, 2017, convicting him, upon a plea of guilty, of attempted assault in the third degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Laurence E. Busching, J.), rendered May 10, 2017, affirmed.
The accusatory instrument was not jurisdictionally defective. It charged all the elements of third-degree assault (see Penal Law § 120.00[1]), and set forth sufficient factual allegations to warrant the conclusion that defendant intended to and did cause the victim to suffer a "physical injury," i.e., "substantial pain" (see Penal Law § 10.00[9]). The instrument recited that the defendant, identified as the deponent's ex-boyfriend, "followed the deponent as she exited her building" and stated "I want to talk;" that when she "walked away," the defendant "pulled deponent by her hair, causing her to fall to the ground;" that as she "repeatedly attempted to get up ... defendant grabbed her about her arms and squeezed, pushing her back onto the ground so she could not get up"; that defendant "held up his hand in a closed fist in front of deponent [and] stated ... I got a bullet for you and your friend"; and that as a result of defendant's conduct, the complainant "sustained bruising that lasted for approximately several weeks, and substantial pain about her arms and back that lasted for approximately several weeks." Accepting these allegations as true, "a jury could certainly infer that the victim felt substantial pain" (People v Henderson, 92 NY2d 677, 680 [1999]; see People v Mercado, 94 AD3d 502 [2012], lv denied 19 NY3d 999 [2012]; People v Lang, 81 AD3d 538 [2011], lv denied 16 NY3d 896 [2011]), a term which simply means "more than slight or trivial pain" (People v Chiddick, 8 NY3d 445, 447 [2007]; see Penal Law § 10.00[9]). At the pleading stage, defendant's intent to cause physical injury was readily inferable from his actions (see People v Bueno, 18 NY3d 160, 169 [2011]; see Matter of Edward H., 61 AD3d 473 [2009]; Matter of Marcel F., 233 AD2d 442 [1996]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 24, 2018