People v Thompson (2020 NY Slip Op 00228)





People v Thompson


2020 NY Slip Op 00228


Decided on January 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2020

Richter, J.P., Gische, Gesmer, Kern, González, JJ.


10761 4854/16

[*1] The People of the State of New York, Respondent,
v
Tykaine Webb Thompson, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Megan Tallmer and Abigail Everett of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered September 15, 2017, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second violent felony offender, to a term of seven years, unanimously affirmed.
Defendant's legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, including those relating to the victim's description of his injuries.
The element of physical injury was established by the injured correction officer's testimony that he sustained a laceration to his lip, felt pain and soreness in his hands and knees, and remained out of work for several days. Despite the brevity of the altercation, this testimony, corroborated by the injured officer's medical records, amply supported the jury's finding that the officer sustained "more than slight or trivial pain" (People v Chiddick, 8 NY3d 445, 447 [2007]) as the result of defendant's assault (see e.g. People v Ross, 163 AD3d 428, 429 [1st Dept 2018]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 9, 2020
CLERK