The People of the State of New York, Respondent,
against
Seydina Camara, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Anthony J. Ferrara, J.), rendered December 3, 2013, convicting him, after a jury trial, of assault in the third degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Anthony J. Ferrara, J.), rendered December 3, 2013, affirmed.
The accusatory instrument was not jurisdictionally defective. It charged all the elements of third-degree assault (see Penal Law § 120.00[1]). The information, consisting of the misdemeanor complaint and supporting deposition, alleges that on a specified date and time, defendant hit the victim with a closed fist "about the face" and "on the back of [her] head," "ear" and "body," causing the victim "pain" and "discolored" eyes. These allegations were sufficient for pleading purposes to establish that defendant caused "physical injury" to the victim, i.e., "substantial pain" (Penal Law § 10.00[9]; see People v Henderson, 92 NY2d 677, 680 [1999]; People v Mercado, 94 AD3d 502 [2012], lv denied 19 NY3d 999 [2012]; People v Lang, 81 AD3d 538 [2011], lv denied 16 NY3d 896 [2011]), a term which simply means "more than slight or trivial pain" (People v Chiddick, 8 NY3d 445, 447 [2007]).
Defendant's contention that the prosecutor made improper comments during summation is partially unpreserved for appellate review, either because he did not object at all, or made only a general objection insufficient to alert the trial court to his appellate claim, or failed to request a mistrial or other curative action (see People v Balls, 69 NY2d 641, 642 [1986]), and we decline to review it in the interest of justice. As an alternative holding, the challenged portions of the People's summation constituted fair comment on the evidence, and reasonable inferences to be drawn therefrom, in response to defense arguments, and there was nothing so egregious as to require reversal (see People v Overlee, 236 AD2d 133 [1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-120 [1992], lv denied 81 NY2d 884 [1993]). To the extent there were any improprieties, any error was harmless in light of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230 [1975]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: January 21, 2020