People v Busgith (2020 NY Slip Op 07294)





People v Busgith


2020 NY Slip Op 07294


Decided on December 03, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 03, 2020

Before: Friedman, J.P., Kapnick, Gesmer, Kern, Shulman, JJ. 


Ind No. 1434/14,1439/14 1434/14 1439/14 Appeal No. 12551 Case No. 2018-520 

[*1]The People of the State of New York, Respondent,
v
Debbie Busgith, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Jan Hoth of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Noah J. Chamoy of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Ralph Fabrizio, J.), rendered May 5, 2017, convicting defendant, after a jury trial, of assault in the second degree and criminal possession of a weapon in the fourth degree, and sentencing her to an aggregate term of 6 months, with 5 years' probation, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the jury's credibility determinations. A videotape of the incident, coupled with other evidence, supports the conclusion that defendant is [*2]the person who stabbed the victim. The physical injury element was met by the victim's substantial pain, which was established by, among other things, his "subjective description of what he felt" (People v Chiddick, 8 NY3d 445, 447 [2007]; see also People v Guidice, 83 NY2d 630, 636-637 [1994]). The victim's hospital treatment immediately after the incident, while not dispositive, is another "indication that his pain was significant" (Chiddick, 8 NY3d at 447).
The People laid a proper foundation to admit post-incident surveillance video footage recorded by cameras installed in an apartment building near the crime scene, by establishing an overlap and consistency between the beginning of that exhibit and an uncontested surveillance video, as well as by presenting testimony from the building's superintendent and the detective who recovered the videos (see People v Patterson, 93 NY2d 80, 84-85 [1999]). In any event, any error in receiving the videotape at issue, which only depicted defendant's later conduct evincing her consciousness of guilt, was harmless (see People v Crimmins, 36 NY2d 230 [1975]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2020