People v Tanner (2021 NY Slip Op 50019(U))

[*1]

People v Tanner (Marquis)

2021 NY Slip Op 50019(U) [70 Misc 3d 134(A)]

Decided on January 15, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 15, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Higgitt, McShan, JJ.

19-224

The People of the State of New York,
Respondent, 
against
Marquis Tanner, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Judy H. Kim, J.), rendered November 19, 2018, convicting him, upon his plea of
guilty, of assault in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Judy H. Kim, J.), rendered November 19, 2018, affirmed.
Since defendant waived prosecution by information, the accusatory instrument only had to
satisfy the reasonable cause requirement of a misdemeanor complaint (see People v Dumay, 23 NY3d
518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid, since it
contained factual allegations providing reasonable cause to believe that defendant was guilty of
third-degree assault (see Penal Law § 120.00[1]). The instrument recited that
defendant struck the complainant "about the face with a closed fist causing bruising and swelling
to [complainant's] eye and substantial pain." Accepting these allegations as true, a reasonable
person could infer that the victim felt "substantial pain" (Penal Law § 10.00[9]; see
People v Henderson, 92 NY2d 677, 680 [1999]; People v Lang, 81 AD3d 538 [2011], lv denied 16 NY3d
896 [2011]), a term which simply means "more than slight or trivial pain" (People v Chiddick, 8 NY3d 445,
447 [2007]). Defendant's intent to cause physical injury was readily inferable from his actions (see Matter of Edward H., 61 AD3d
473, 473 [2009]; Matter of Marcel F., 233 AD2d 442, 442-443 [1996]). That other,
innocent inferences could be drawn from defendant's quoted statement that the punch was thrown
after the victim "took a swing" at him, "is irrelevant on this pleading stage inquiry" (People v
Deegan, 69 NY2d 976, 979 [1987]; People v Hernandez, 54 Misc 3d 133[A], 2017 NY Slip Op
50064[U][App Term, 1st Dept 2017], lv denied 29 NY3d 1080 [2017]).
Our review of the record indicates that defendant's guilty plea was knowing, intelligent and
voluntary (see People v Conceicao,
26 NY3d 375 [2015]). Under the facts presented, the court was not required to conduct a sua
sponte inquiry based on defendant's post-arrest contention that the complainant "swung" at him,
since defendant did not "reiterate those statements at [the] plea allocution" (People v Martorell, 88 AD3d 485,
486 [2011], lv denied 18 NY3d 926 [2012][internal citation omitted]; see also People v Sosa, 172 AD3d
432, 433 [2019]).All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: January 15, 2021