People v Lamousnery (2022 NY Slip Op 50528(U))

[*1]

People v Lamousnery (Charles)

2022 NY Slip Op 50528(U) [75 Misc 3d 135(A)]

Decided on June 27, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 27, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, J.P., Tisch, Michael, JJ.

570519/15

The People of the State of New York,
Respondent,
against
Charles Lamousnery,
Defendant-Appellant.

In consolidated appeals, defendant appeals from two judgments of the Criminal Court of the
City of New York, New York County (Erika M. Edwards, J.), rendered June 19, 2014, convicting
him, upon his pleas of guilty, of obstructing governmental administration in the second degree
and assault in the third degree, and imposing sentence.

Per Curiam.
Judgments of conviction (Erika M. Edwards, J.), rendered June 19, 2014, affirmed.
As part of a global resolution of three separate criminal prosecutions arising from allegations
that defendant assaulted multiple police officers and a peace officer on separate dates, and was in
possession of a controlled substance on another, defendant pleaded guilty to one count of assault
in the third degree (see Penal Law § 120.00[1]) under docket number
2014NY007730 and one count of obstructing governmental administration in the second degree
(see Penal Law § 195.05) under docket number 2014NY034320, in exchange for
two concurrent 60-day jail sentences. The People agreed to "dismiss as covered" the third
accusatory instrument, docket number 2014NY024764, charging defendant with, inter alia,
seventh-degree criminal possession of a controlled substance (see Penal Law §
220.03). The court expressly noted that with respect to docket ending in 764, "that case is now
dismissed as covered by your plea as to docket[s] ending 730 and 320."
Since defendant waived prosecution by information, the accusatory instruments only had to
satisfy the reasonable cause requirement of a misdemeanor complaint (see People v
Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument under docket
number 2014NY007730 was jurisdictionally valid, since it described facts of an evidentiary
nature establishing reasonable cause to believe that defendant was guilty of several counts of
third-degree assault (see Penal Law § 120.00 [1]). The "physical injury" element of the
offense was satisfied by, among other things, allegations that defendant "was swinging his arms
repeatedly, striking police officers about the head and body, and kicking out with his feet"; that
he struck an officer "in the right eye causing pain, redness and a scratch on the cornea of said
eye"; that he "kicked" an officer in the "forehead, causing pain, redness and swelling"; and that
the officer felt [*2]"substantial pain" (Penal Law § 10.00[9];
see People v Henderson, 92 NY2d 677, 680 [1999]; People v Lang, 81 AD3d 538 [2011], lv denied 16 NY3d
896 [2011]).
Defendant further alleges that the second-degree obstructing governmental administration
charge in the accusatory instrument under docket ending 320 was jurisdictionally defective.
Significantly, however, the only relief defendant requests is dismissal of the accusatory
instruments, and he expressly requests that we affirm the convictions if we do not grant a
dismissal. Even accepting defendant's contention that the pleaded charge under docket ending
320 was jurisdictionally defective, we do not find dismissal of the multiple remaining serious
charges arising from defendant's separate arrests would be appropriate, since it cannot be said
that no penological purpose would be served by remanding the matter to Criminal Court for
further proceedings on these charges (see People v Allen, 39 NY2d 916, 918
[1976]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: June 27, 2022